LIZZIE C. BURNAP, Respondent, *v.* THE NATIONAL BANK OF POTSDAM, Appellant.

A promissory note, made by D., payable to his order at defendant's bank, was for a valuable consideration indorsed by him and delivered to B., at whose request it was discounted by defendant upon pledge as collateral of a $500 government bond belonging to plaintiff. At about the matu-

rity of the note defendant, without the consent or knowledge of B. or plaintiff, upon receipt of a new note, executed and indorsed by D. for the same amount, which contained the statement " U. S. bond $500 collateral security," and upon payment of the interest, canceled the first note and surrendered it to D.  Before maturity of the second note D. absconded ; it not having been paid when due, defendant, without notice to B. or plaintiff, sold the bond in open market, appropriating sufficient of the proceeds to pay the note.  In an action for the conversion of the bond, *held,* that defendant was liable ; that before retaining the bond upon a new contract it should have required the consent of B.

Facts not found by a referee, and as to which no finding was requested, may not be considered for the purpose of reversing a judgment.

(Submitted April 30, 1884 ; decided May 9, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 6, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for the alleged conversion of a $500 United States bond belonging to plaintiff.

The material facts are stated in the opinion.

*Parker & McIntyre* for appellant.  The renewal by Drake and the continuation of the bond as collateral was not payment, and if done without the authority of Burnap, the latter could have redeemed her bond and held Drake upon the liability for which the first note was given.  (*Tracy* v. *Talmage,* 18 Barb. 462; *Atlantic State B'k* v. *Sevey,* 18 Hun, 36; *Delaware B'k* v. *Jarvis,* 20 id.      .)  The courts will take judicial notice of the universal practice of banks.  (*Merchs. N. B'k of Whitehall* v. *Hall,* 83 N. Y. 338.)

*John A. Vance* for respondent.  An adjudication between the same parties upon the same question is conclusive upon those parties in any subsequent action or proceeding, and precludes them from denying either the facts or the law upon which it proceeded.  (*Birkhead* v. *Brown,* 5 Sandf. 134, 147–151; *People* v. *Fields,* 1 Lans. 222–230.)  No fact can be considered for the purpose of reversing a judgment entered

upon the report of a referee, unless stated in the findings or requested to be found on uncontroverted evidence. (*Thompson* v. *B'k of British N. A.*, 82 N. Y. 1; *Stewart* v. *Moss*, 79 id. 629; *Carroll* v. *S. I. R. R. Co.*, 65 Barb. 32.) The defense of tender cannot avail the defendant. The money was not paid into court. The payment to the referee is not sufficient. He is not the court for that purpose. (*Becker* v. *Boon*, 61 N. Y. 317; *Brown* v. *Furgeson*, 2 Denio, 196; *Sheridan* v. *Smith*, 2 Hill, 538; *Simpson* v. *French*, 45 How. 464.) Every piece of commercial paper discounted is purchased, paid for and owned. (*Tracy* v. *Talmage*, 18 Barb. 462; *Atlantic State B'k* v. *Savey*, 18 Hun, 36–41; U. S. R. S., § 5200.) By procuring the discount, by the defendant, of the Drake note without indorsement or guaranty, neither B. N. Burnap nor the plaintiff became liable to repay the money received for the note. (*Delaware B'k* v. *Jarvis*, 20 N. Y. 229–231.) If Burnap had authority to pledge the plaintiff's bond as security for the payment of the Drake note, then by the discount of that note the defendant became the owner thereof. Drake was the principal debtor, and to the extent of the bond pledged to secure the payment of the note the plaintiff was surety for such payment. (Edwards on Bailments, 264.) The renewal of the note, whereby the right of action on the original indebtedness was suspended for three months, unless made with the consent of Burnap or the plaintiff, operated to discharge the plaintiff from any obligation under her agreement, and entitled her, immediately after the taking of such new note by the defendant, to receive from it her bond and coupons. (*B'k of Albion* v. *Burns*, 2 Lans. 52, 60; 46 N. Y. 170–175; *Smith* v. *Townsend*, 25 id. 479; *Gahn* v. *Niemcewicz*, 11 Wend. 312; *Calvo* v. *Davis*, 8 Hun, 222; 73 N. Y. 212; *McNulty* v. *Hurd*, 13 Weekly Dig. 266.) The findings of a referee will not be disturbed upon appeal unless entirely unsupported by, or very clearly against the great weight of the evidence. (*Hind* v. *Smith*, 6 Lans. 464; *Fish* v. *Evans*, 37 N. Y. Sup. 433; 66 N. Y. 640; *Baum* v. *Stone*, 12 Weekly Dig. 353; *Kiersted* v. *West*,

13 id. 106.) Under the discounting of the first note the relation established between the plaintiff and the defendant as to the bond was that of pledgor and pledgee. (*Wheeler* v. *Newbold*, 16 N. Y. 392; *Markham* v. *Jaudon*, 41 id. 235.) A sale of the thing pledged without a notice to the pledgor is a conversion thereof, and the pledgor may recover the value of the pledge without tendering the debt secured by the pledge. (*Markham* v. *Jaudon*, 41 N. Y. 234; *Stearns* v. *Marsh*, 4 Denio, 227; Edwards on Bailments, 248.) To render a custom or usage valid and binding, it must be known, certain, uniform, reasonable, and not contrary to law. (*Bassett* v. *Lederer*, 1 Hun, 274–280; *Dawson* v. *Kittle*, 4 Hill, 107; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136–160.) It must be so far known to the parties that it will be presumed that their contract was made in reference to it. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136; *Easterly* v. *Cole*, 3 id. 502; *Sipperly* v. *Stewart*, 50 Barb. 62–68; *Walls* v. *Bailey*, 49 N. Y. 464–473; *Stoney* v. *Transp. Co.*, 17 Hun, 579; *Bradley* v. *Wheeler*, 44 N. Y. 495–500.) A custom or usage which violates any settled principle of law is not binding. (*Woodruff* v. *Merchants' B'k*, 25 Wend. 673; *Bowen* v. *Newell*, 8 N. Y. 190; *Wheeler* v. *Newbold*, 16 id. 392–399–401; *Markham* v. *Jaudon*, 41 id. 235–245; *Bradley* v. *Wheeler*, 44 id. 495–503, 504; *Higgins* v. *Moore*, 34 id. 417–422; *Nat. B'k* v. *Burkhardt*, 21 Alb. L. J. 375.) The renewal of the note was an exercise of ownership over it which rendered defendant liable to Burnap for the amount thereof, and thereby canceled his indebtedness to it upon the loan. (1 Wait's Law and Practice, 410; Edwards on Bills, 201; *Newsen* v. *Lysle*, 5 Hill, 466.) To establish an estoppel the party must show that the acts, declarations or omissions out of which he claims the estoppel arises influenced his conduct, or that he took action in the matter in reliance thereon. (*Malloney* v. *Horan*, 49 N. Y. 111; *Lawrence* v. *Brown*, 5 id. 394; *Andrews* v. *Ætna L. Ins. Co.*, 85 id. 334; *Jewett* v. *Miller*, 10 id. 402.) No act or omission subsequent to June 11, 1877, the date of sale of bond, can be considered as influencing the defendant. (*Andrews* v. *Ætna L. Ins. Co.*,

85 N. Y. 334.)   Facts proved but not pleaded cannot be made available to the party proving them.   (*N. Y. Cent. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468–473.)

DANFORTH, J.   On the 22d day of November, 1876, one Isaac Drake made a promissory note whereby for value received, as it recited, he promised to pay to his own order, $500 in ninety days from that date, at the National Bank of Potsdam.   He then indorsed, transferred and delivered it to one B. N. Burnap for a valuable consideration.   On Burnap's application and the security of a government bond of $500 which he deposited with the bank for that purpose, the defendant discounted the note and Burnap received the proceeds.   On the 21st day of February, 1877, Drake, without the knowledge or consent of· Burnap, made a new note whereby he promised to pay to his own order, at the National Bank of Potsdam, the sum of $500, three months after that date, adding the words, " U. S. bond $500 collateral security."   He indorsed and delivered the note to the defendant, at the same time paying the interest thereon in advance, whereupon the defendant, in consideration thereof, canceled the first note and surrendered the same to Drake; the U. S. bond referred to being the same one left by Burnap as collateral to the first note.   Before the maturity of the second note, and about the first week in April, 1877, Drake absconded, the note was not paid, and thereupon the defendant, without demand of payment of said Burnap, and without notice to him or to the plaintiff, caused the bond and coupons to be sold in open market in the city of New York, on the 11th day of June, 1877, for the sum of $562.50; the expenses of the sale were $3.43, leaving the net proceeds $559.07.   Of the latter sum the defendant appropriated $503.39 upon the said· last-mentioned note, leaving a balance of $55.68.

The bond in fact belonged to the plaintiff, who was the wife of B. N. Burnap, and by whose consent he pledged it as security for the payment of the note of November 22d.   She knew nothing of the transaction of February, and after demand,

bought this suit for the conversion of the bond by the defendant. These facts are found by the referee and are supported either by admissions in the pleadings, or evidence which seemed creditable to him and to the General Term.

On the part of the appellant, however, it is urged that the decision of both tribunals and the complaint itself erroneously assume " that B. N. Burnap was the owner and holder of a Drake note — that as such owner and holder he applied to the defendant to discount the note, and offered to leave the bond with it as security for the payment of the note at maturity — that the offer was accepted, the note discounted, and the proceeds paid to Burnap." There is evidence establishing these facts: *First*, The complaint alleges that on the 22d of November B. N. Burnap was the owner and holder of a certain promissory note for the sum of $500, bearing date on or about that day, made by Isaac Drake, payable in three months after its date at the defendant's bank to the order of Drake, and indorsed by him.

The answer, so far from denying this allegation, states that B. N. Burnap is the husband of the plaintiff, and owned and held the promissory note dated about November 22, 1876, executed by Drake and indorsed by him, in said complaint meant and intended.

It follows that the allegations of the complaint above referred to must, for all the purposes of this trial, be deemed true. (Code, § 522.) The evidence on the part of the plaintiff is also that way, and, so far as I can discover, it is uncontradicted. That on the application of B. N. Burnap, and collateral security afforded by the bond in question, the defendant discounted the note, is equally well proven. So, also, are the other facts upon which the plaintiff's right to recover must depend.

The defense turned upon the question, distinctly presented by the answer and the testimony, whether, at the maturity of the first note — that of November — it was renewed, and the loan continued with the knowledge and consent of Burnap. If it was, it might be necessary to inquire how far his consent

would bind the plaintiff. If it was not, that inquiry is immaterial. Drake deposes that before the maturity of the first note, he asked Burnap if he might renew it; that Burnap consented, and his evidence also tends to show that Burnap also assented to the bond remaining as security for the renewal note in the hands of the bank. He is, however, contradicted by Burnap, and his character for truth and veracity impeached by the testimony of five witnesses — his neighbors. Three others speak well of him. There are circumstances in the conduct of Burnap after the renewal of the note which might be construed as an admission of knowledge on his part of the use to which the bond had been put. But all this was for the referee, subject to examination by the General Term. They have found against the defendant upon the question, and it cannot be said that their conclusion is not based on evidence. It is clear that neither the plaintiff, nor her husband, did any thing to induce the bank to renew the note, nor did either of them lead the bank to suppose they would assent to a continued pledge of the bond. On the other hand the bank failed in its duty of diligence. It had received the bond from Burnap, and before retaining it on a new contract, it should have required his consent. The bank chose to rely on the assurance of Drake, and it, rather than the plaintiff, must suffer from his deceit.

Much of the argument of the learned counsel for the appellant is founded upon the evidence in relation to facts not found by the referee, and as to which no finding was requested. In such a case they cannot be considered for the purpose of reversing the judgment. (*Thomson* v. *Bank of British North America*, 82 N. Y. 1.) With the facts before us found upon sufficient evidence (*Potter* v. *Carpenter*, 71 N. Y. 75; *Stilwell* v. *Mut. L. Ins. Co.*, 72 id. 385) there is no error of law in the judgment appealed from. It should, therefore, be affirmed.

All concur.

Judgment affirmed.