The Court at General Term, said:
“The important questions discussed by the appellant in his brief on this appeal are not before us because of the failure of the appellant to request the court to find certain facts. This court held in Kemple v. Darrow, 39 Super. Ct. 447, that a party who deems certain facts essential to his case must ask the court to find those facts. If the facts claimed to exist are not found, the appellate court cannot assume them to exist; and if there is no request to find *554 them, the appellate court will not look into the testimony to see if it would have been error for the trial court to have refused to do what it was not asked to do. Sections 992, 993 and ,1023 of the Code of Civil Procedure, and Rule 32 of the Rules of Practice, contemplate that a party who desires the court to make findings and to review the error of the court, if there be any error, will present to the court before the decision is rendered, a statement of the facts that he deems established by the evidence, and refusal to make any finding in such a case is a decision upon a question of law, and if excepted to may be reviewed on appeal. The only point that we can consider on this appeal is, are the findings of fact to which the appellant has excepted, warranted by the evidence; and if they are warranted by the evidence, is the finding of law warranted by the facts which the court has found. An examination of the case shows that the findings of fact are warranted by the evidence, and that the trial court drew the right conclusion of law from the facts in the words. In the words of the court of appeals in Burnap v. The National Bank of Potsdam, 96 N. Y. 131, ‘much of the argument of the learned counsel for the appellant is founded upon the evidence in relation to facts not found by the court, and as to which no finding was requested. In such a case they cannot be considered for the purpose of reversing a judgment. With the facts before us found upon sufficient evidence, there is no error of law in the judgment appealed from.’ ”
Hassler & Sabine, attorneys, and Charles W. Hassler, of counsel, for appellant.
Leavitt & Keith, attorney, and John Brooks Leavitt, of counsel for respondent.
Opinion by Truax, J.; Sedgwick, Ch. J., and Dugro, J., concur.
Judgment affirmed with costs.