### KING *v.* CITY OF BUFFALO.

*(Supreme Court, General Term, Fifth Department.* June 20, 1890.)

**1. MUNICIPAL CORPORATIONS—OFFICERS.**
Under an ordinance providing for the annual appointment of a gas inspector by the city council, an appointment to such office, "subject to the further orders of this council," is invalid.

**2. SAME—RES ADJUDICATA.**
Where H., claiming under such invalid appointment, sued the city for his salary for a certain year, plaintiff, who claimed the salary of such office for the same year, was not bound to come in and defend the action, and, not having been a party, he was not bound by the judgment in the action.

**3. TRIAL—FINDINGS—EXCEPTIONS.**
An exception to a finding that plaintiff was duly appointed does not raise the question as to whether there was a vacancy in the office at the time such appointment was made.

Appeal from circuit court, Erie county.

Action by Chauncey H. King against the city of Buffalo. Judgment was given for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.
*F. C. Laughlin,* for appellant.   *M. H. Peck,* for respondent.

DWIGHT, P. J.   The plaintiff sues, as assignee of one Maycock, to recover a balance of salary alleged to be due to the latter as gas inspector for the defendant for the year of 1883.   The common council assumed to appoint Maycock on the 15th of January.   He took the oath of office, filed his official bond, and discharged the duties of the office throughout the year.   The only question in the court below was whether his appointment was valid, and that depended upon the question whether there was a vacancy in the office at the time the appointment purported to be made.   We suppose the latter question is not presented by this appeal, because there is no finding by the court, nor was there any request that the court should find, upon that question.   The court did find that Maycock was duly appointed, and, it is true, the defendant excepted to that finding; but so he was unquestionably duly appointed unless the fact existed that there was another lawful incumbent already in the office; and there is no finding to that effect, nor any refusal so to find upon request.   The authorities are to the effect that the mere exception to one finding of fact does not raise the question whether the proofs establish another distinct proposition of fact upon which the first-mentioned finding depends; that the court of review will not look into the evidence to see whether it establishes a proposition of fact which has not been passed upon by the trial court, either by a finding or a refusal to find.   *Smith* v. *Insurance Co.,* 62 N. Y. 85, 87; *Thomson* v. *Bank,* 82 N. Y. 1; *Burnap* v. *Bank,* 96 N. Y. 125.

But, assuming that the question was raised by the proper exception, we think the finding below was correct.   The other alleged incumbent of the office was one Healy, in respect to whom the minutes of the common council show that on the first Monday of January the following resolution was adopted: "Resolved, that Henry Healy be, and he is hereby, appointed to the office of gas inspector, subject to the further order of this council."   Healy was notified of this action of the common council, and he took the oath of office, and presented his official bond to the mayor for approval, which was refused on the ground that his appointment was invalid.   Healy then resorted to proceedings by *mandamus,* and, under the order of the special term, his bond was approved and filed.   On the trial of that proceeding evidence was offered by the respondent therein to impeach the record of the common council, and to show that at the time of the alleged adoption of the resolution appointing Healy a quorum of the body was not present.   The evidence was excluded, and the appointment of Healy was held to be valid.   The same evidence offered by the plaintiff on the trial of this action was received, and, although there was no finding in respect to the appointment of Healy, the opinion delivered at the circuit indicated that the trial judge regarded that appointment as invalid by reason of the want of a quorum.   Probably the mayor did not assume to go behind the record of the common council, but found the appointment invalid upon the face of the resolution, and such we think was the case.

Under the provisions of the charter of the city of Buffalo, (title 2, § 18,) the common council, in 1878, enacted an ordinance providing for the annual appointment by that body of a gas inspector, whose term of office should be one year from the date of his appointment, and that ordinance was in force at time of the pretended appointment of Healy.   The resolution of the first Monday of January must, we think, be construed to have intended the appointment of Healy during the pleasure of the common council; and it received that construction at the hands of the same body when, on the 15th of January, they proceeded to reconsider and revoke that appointment, and to appoint Maycock "for the year 1883."   It is conceded on all hands that the common council had no authority to appoint to the office in question for a term

less that one year; but it is argued that it was only the limitation of the term that was void, and, consequently, that the appointment of Healy was a valid appointment for the year. We are unable to concede the correctness of that proposition. If the resolution had been for the appointment of Healy for one month or for three months, no one, we presume, would contend that it would have constituted an appointment for a year. Why, then, when it purported to be an appointment during the pleasure of the common council? There was no attempt to repeal or amend the ordinance of 1878, and that enactment was the law which governed the appointment to the office in question. We think it was clearly violated in the attempted appointment of Healy, and that such appointment was wholly void.

In its answer in this action the defendant avers that Healy claims to have been duly appointed gas inspector for the year 1883, and to have qualified and discharged the duties of the office, and that, in the year 1884, he commenced an action to recover the salary, which was then, at the date of such answer, pending and undetermined; that the title to said office "has not in any manner been legally decided or determined, and that the defendant is unable to determine or decide to whom such salary should be legally paid;" and the defendant now contends that the plaintiff, being thus apprised of the pendency of that action, should have applied for leave to come in and defend that action, and, not having done so, he is concluded by the judgment therein, which the defendant, on the trial of this action, offered to show was in favor of Healy. There seems to be no ground for this contention. The plaintiff was not a party to the action of Healy. It was not a case in which there could be a recovery over by the defendant against the plaintiff, and, consequently, was not a case in which the latter would have been bound, even by a notice to come in and defend. It was open to the defendant to move to interplead the plaintiff, or to substitute him for the defendant in that action. Not having done so, the defendant took the risk of the final result of the action of the plaintiff. We think the findings of the court in this case were correct, and that the judgment must be affirmed.