DONALD MINER, complainant-respondent,

*v.*

MARCUS GOODBODY et al., co-partners, trading as GOODBODY & COMPANY, defendants; and MARK TOWNSEND, JR., defendant-appellant.

[Submitted February term, 1933—Decided April 27th, 1933.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Fielder, who delivered the following opinion:

"This memorandum is filed at the request of the parties, an appeal having been taken from an order advised by me

denying the motion of the defendant Mark Townsend, Jr., to strike the bill of complaint.

"The bill alleges that other defendants named in the bill were co-partners as Goodbody & Company, doing a stock brokerage business; that Townsend had an account with that firm for buying and selling stocks on margin, against which account he had deposited certain securities; that on or about June 23d, 1930, Townsend told the complainant that Goodbody & Company were about to sell his collateral and he requested complainant to assist him in protecting his account; that complainant also had an account with Goodbody & Company, and relying upon Townsend's promise to protect complainant, he (complainant) thereupon deposited with Goodbody & Company, certain securities as collateral for his own account and also as collateral for Townsend's account and that subsequently complainant deposited additional securities with Goodbody & Company, for the same purpose; that thereafter complainant demanded of Townsend that he relieve complainant of his obligation to Goodbody & Company, but Townsend failed to do so and complainant requested Goodbody & Company to proceed against Townsend, but Goodbody & Company declined and have demanded additional collateral from complainant against Townsend's account; that Goodbody & Company, hold sufficient collateral to protect complainant's individual account, but threaten to sell such collateral to pay Townsend's account and complainant has no way of determining his actual liability to Goodbody & Company until that firm first reduces to cash the collateral put up by Townsend; that there should be an accounting to determine the rights of the parties; that the sale of complainant's securities by Goodbody & Company will cause irreparable loss to complainant and that a sale should not be permitted until they first sell Townsend's securities and apply the cash realized therefrom against whatever liability is found from complainant to Goodbody & Company.

"The bill prays that an account be taken of the collateral held by Goodbody & Company, in the Townsend account and in complainant's account; that Goodbody & Company be

required to sell the Townsend collateral before proceeding against complainant's collateral; that an account be taken of Townsend's liability to complainant and Townsend be decreed to pay complainant the amount found due on such accounting.

"The motion to strike on behalf of Townsend is on the ground that the bill does not disclose an equitable cause of action; that there is a full, complete and adequate remedy at law; that this court has no jurisdiction, the transaction as set forth in the bill being a loan by complainant of stock as collateral for the account of Townsend with Goodbody & Company, and so far as defendant Townsend is concerned, there being no facts set up in the bill to justify a demand for an accounting.

"The complainant bases his claim to relief against Goodbody & Company on the ground that complainant became surety for Townsend's indebtedness to that firm, and therefore Goodbody & Company should be required to resort to Townsend's collateral before seeking payment from complainant, and on the further ground that complainant is a pledgor of securities with Goodbody & Company for the payment of Townsend's debt and that complainant is entitled to redeem his securities upon payment of said debt. Goodbody & Company made no motion addressed to the bill and since the order denying Townsend's motion to strike, they filed an answer and a counter-claim against complainant and Townsend.

"The bill shows that Townsend's account with Goodbody & Company has been running for two years prior to filing the bill. This account was operated on a margin and during that period there may have been many transactions of purchase and sale. Complainant requested Goodbody & Company to sue Townsend for the purpose of fixing the amount of Townsend's indebtedness, but Goodbody & Company refused and threatened to sell complainant's collateral to pay the sum which they claim Townsend owed them. It is apparent that complainant could not, with safety, pay the amount claimed by Goodbody & Company, unless Townsend admitted its correctness and the bill charges, in effect, that

Townsend declined to make such admission; therefore, it is necessary that an account be taken for the purpose of determining exactly how much Townsend owes Goodbody & Company, but such an accounting, to be binding on Townsend, cannot be had unless Townsend is made a party to it. The bill does not specifically pray that an account be taken of the amount due from Townsend to Goodbody & Company, but under chancery rule 60, relief other than that prayed for may be given (without a prayer for general relief) to the same extent as if general or other relief had been prayed for.

"Further, the bill shows that Goodbody & Company hold a lien for Townsend's debt on two deposits of securities, one made by Townsend and the other made by complainant. The complainant insists that in equity, Goodbody & Company, should be required to resort to the security given by Townsend, before Goodbody & Company can sell the complainant's collateral. It also appears that complainant has no adequate remedy at law against Goodbody & Company, or Townsend. He cannot redeem the stock he pledged for Townsend's debt without satisfying such indebtedness and he cannot sue Townsend at law until he first pays Goodbody & Company. In both cases it is necessary that an account of Townsend's indebtedness to Goodbody & Company be taken to fix Townsend's primary liability, so that an accounting by Goodbody & Company, to which Townsend is a party and can be bound by decree, is a necessity. It further appears that if the complainant cannot have the relief he seeks in this action, a multiplicity of suits may be necessary: (1) An action by complainant against Goodbody & Company, alone, to redeem his securities and payment by complainant of the amount which may be established in that suit as Townsend's debt. (2) A suit by complainant against Townsend for the amount of the decree as paid by complainant in the first action, in which suit against Townsend, the latter may contest the amount due from him to Goodbody & Company. (3) If in the suit against Townsend complainant cannot establish Townsend's debt to Goodbody & Company, at the amount decreed in complainant's action against Goodbody & Company, then another

suit by complainant against Goodbody & Company, to recover complainant's overpayment to Goodbody & Company.

"I am of the opinion that this action is properly brought to determine Townsend's liability to Goodbody & Company, complainant's liability to Goodbody & Company, and Townsend's liability to complainant and that Townsend is a necessary party for the complete and final settlement of the issues presented by the bill. Townsend has such an interest in the whole controversy that no decree could be made on the issues presented in a suit merely between complainant and Goodbody & Company. No suit to which Townsend is not a party would make possible a complete determination of the rights of all parties, or settle the whole controversy and particularly could no decree be made fixing the amount of Townsend's liability to Goodbody & Company, and directing sale of his securities to satisfy such indebtedness, unless the court has jurisdiction over Townsend as a party to the suit."

*Mr. Merritt Lane,* for the appellant.

*Mr. George G. Tennant,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Fielder in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.