RUTHERFORD NATIONAL BANK, Respondent, *v.* ANTONIO MANNIELLO, Appellant.

First Department, April 6, 1934.

*Anthony P. Ruffalo,* for the appellant.

*William O. Robertson* of counsel [*Louis J. Felstiner* with him on the brief; *Cardozo & Nathan,* attorneys], for the respondent.

O'MALLEY, J. This is an action in equity. The judgment appealed from directs the defendant to indorse certain shares of stock (registered in defendant's name) and now in the possession of the plaintiff and claimed to be held by it as collateral to a loan in the sum of $5,955.37 made to Cesare Alessandroni. The answer denies that the stock was delivered as collateral for the loan

sued upon and seeks, by way of counterclaim, damages for its conversion.

Concededly the stock was delivered to the plaintiff on July 2 and July 15, 1930, as additional collateral to a loan of $22,000 made by plaintiff upon May 26, 1930. Plaintiff contends that this loan was made to Cesare Alessandroni; the defendant, that it was made to Cesare Alessandroni and Lilian Alessandroni. The loan was secured by the joint note of these parties, and the plaintiff admits by failing to deny in its reply the defendant's allegation that the loan was made to both parties. Collateral belonging to the makers of this note was held by plaintiff at the time that the defendant's stock was delivered. The defendant's letter which accompanied the delivery stated in substance that the stock was to be held as collateral until " market " conditions had improved. The certificates when delivered were unindorsed and, upon defendant's refusal to indorse, plaintiff sought the relief which the judgment appealed from has granted.

Subsequent to the delivery of the stock, payment by the borrowers on the $22,000 note reduced it to the sum of $3,837.26. In the meantime, however, and on September 29, 1930, plaintiff loaned Cesare Alessandroni $1,900 on a separate note due December 29, 1930. On this date, the loan not having been paid, Cesare Alessandroni gave the plaintiff a new note for $5,955.37 (the loan sued on herein) to cover the $1,900 note and the balance due on the $22,000 note. The latter note, together with the $1,900 note, were marked " Canceled " and " Paid " and returned to the makers. In addition, certain stock of the value of $1,700 belonging to the debtors and pledged as collateral to the $22,000 note was returned to Lilian Alessandroni. Defendant's stock was then applied and held as collateral to the new note. Of its existence, or of the $1,900 note, or of the cancellation and surrender of the $22,000 note, the defendant was without knowledge.

The plaintiff concedes that the defendant is entitled to a credit for the value of the stock returned by mistake to Lilian Alessandroni; also that it is not entitled to hold the defendant's stock as collateral to that part of the indebtedness sued upon represented by the loan of $1,900 made to Cesare Alessandroni. It asserts, however, the right to hold the stock as collateral to so much of the amount sued for as represents the unpaid balance of the original indebtedness of $22,000.

The trial court adopted plaintiff's view and awarded a lien upon the defendant's stock in the sum of $2,137.26, the amount of the indebtedness sued for after crediting thereon the sums of $1,900 and $1,700. The plaintiff has had judgment accordingly, it being

found that the plaintiff had a lien upon the defendant's stock for the sum of $2,137.26, including interest, or a total of $2,789.55, with interest from May 1, 1933.

We are of opinion that judgment in favor of the plaintiff was unauthorized and that the defendant was entitled to judgment on his counterclaim. As already appears, the original indebtedness for which the defendant's stock was delivered and held as collateral was a joint obligation incurred by Cesare Alessandroni and Lilian Alessandroni. When the original note was surrendered, marked "Paid," and collateral of the debtors likewise returned, and the note of one of the original makers accepted, the defendant was thereby released.

His contract with the plaintiff was one of suretyship. (*Gahn* v. *Niemcewicz*, 11 Wend. 312, 324; *Hawley* v. *Bradford*, 9 Paige Ch. 200; *Matter of Blanchard*, 253 Fed. 758, 764, 765; *National Exchange Bank* v. *Silliman*, 65 N. Y. 475, 479; Jones Collat. Sec. § 517-a; Brandt Suretyship & Guaranty [3d ed.], § 43; 49 C. J. 897.) As surety, his obligation was *strictissimi juris*, and any change in the principal obligation made without his knowledge or consent released him. (*Hyde* v. *Miller*, 45 App. Div. 396, 400; affd., 168 N. Y. 590; *Stogop Realty Co., Inc.,* v. *National Surety Co.*, 216 App. Div. 198, 202; affd., 243 N. Y. 622; *Vose* v. *Florida R. R. Co.*, 50 id. 369, 374; *National Park Bank* v. *Koehler*, 204 id. 174.) Here there was such a change. Defendant's stock had been pledged for the note on which both Alessandronis were liable as makers. The release of one of such debtors and the acceptance of the obligation of the other was a change in violation of defendant's rights. His right of subrogation against Lilian Alessandroni, in case he was called upon to pay the note, was lost. The note on which she was liable and for which defendant's stock was pledged as collateral was marked "Paid" and returned, together with the collateral pledged by the debtors. There was a clear intention on the part of the plaintiff to take the new security in place of the old.

Plaintiff's attempt to hold defendant's securities as collateral to the note on which Cesare Alessandroni alone was liable was, therefore, a conversion entitling the defendant to recover on his counterclaim. (*Burnap* v. *National Bank of Potsdam*, 96 N. Y. 125.)

The defendant, therefore, is entitled to judgment upon the stipulated value of the stock as of such date — $6,513.50 — with interest thereon.

Under the peculiar circumstances here presented, however, the plaintiff is entitled to judgment directing that upon satisfaction of the judgment to be entered in favor of the defendant, the latter shall indorse the securities to the plaintiff.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and judgment directed as above indicated, with costs to the defendant.

Finch, P. J., Merrell, Martin and Untermyer, JJ., concur.

Judgment reversed, with costs to the appellant, and judgment directed as indicated in opinion, with costs to the defendant. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.