First National Bank of Glens Falls, N. Y., Respondent, *v.* Grace M. Parks (Widow of George H. Parks, Deceased) and Others, Defendants. Harriet Parks Duport and Another, Appellants.

Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; Bliss, J., dissents with a memorandum.

Bliss, J. (dissenting). I must respectfully dissent from the decision for affirmance and vote to reverse the order below and to grant the appellants leave to intervene. My reasons are as follows:

Section 193, subdivision 3, of the Civil Practice Act provides: " Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

This section is mandatory. The court below had no discretion. The statute provides that the court " *must* direct him to be brought in by the proper amendment."

Of course, these appellants are the real parties in interest. They have been quite generally disregarded up to this point. Their moneys have been stolen, as they state in their application to intervene, " at the suggestion of an officer of said bank, to wit: A. W. Sherman, then cashier or president thereof, for the sole purpose of giving color of ample security for the loans to said Grace M. Parks, and with full knowledge that said bank received no actual title thereto." It is quite true that this plaintiff in an abortive effort to confirm its possession of the trust bonds brought an action against the substituted trustee for a declaratory judgment and that in such action it was found that the plaintiff bank was a *bona fide* holder for value and in due course of these bonds. The plaintiff, however, apparently was not satisfied with this holding and judgment in its favor obtained in an action to which these petitioning interveners were not parties. It now starts a new action in which it alleges not that it was the owner and holder in good faith of these trust bonds, not that it had title to them or was the owner of them, but that it held them as a pledgee. It is not, as is stated in the decision, the appellants who seek to litigate anew the issue decided in the earlier action, but rather it is the plaintiff bank. It apparently realizes the weakness of its position. Its present contention is entirely inconsistent with its rights as declared under the declaratory judgment.

Nor do I think that we may attach conditions to the rights of these appellants to intervene. Either they have the right to come in and defend or they have no such right. The statute by positive language gives them the right to intervene. Once they are in, the sufficiency of their answer may be passed upon, but I know of no right lodged in this court to attach conditions to their statutory right of intervention.

I vote to reverse the judgment and order appealed from and to grant appellants' motion to intervene as parties defendant.