John F. Pitz, Sr., Plaintiff, *v.* James J. Munro, as Receiver for the Richmond National Bank of New York, Defendant, and John F. Pitz, Jr., Impleaded, Defendant.*

Supreme Court, Trial Term, Queens County, January 30, 1936.

Tolbert, Ewen & Patterson [*Joseph D. Nunan* of counsel], for the plaintiff and the impleaded defendant, John F. Pitz, Jr.

Butler, Wyckoff & Reid [*John L. Farrell* of counsel], for the defendant Richmond National Bank.

Hallinan, J. Action in replevin, to recover certain securities owned by the plaintiff and pledged by him as collateral for a certain obligation dated August 29, 1931, executed by him and his son, John F. Pitz, Jr., jointly and severally in connection with and in pursuance of an agreement entered into at the same time by the defendant bank and the Ridgewood National Bank for the liquidation of the latter by the former. The defendant bank counterclaimed to recover under the said obligation and joined John F. Pitz, Jr., as a party defendant pursuant to section 271 of the Civil Practice

* Affd. 249 App. Div. 648.

Act. The nature of the transaction and the provisions of the obligation in question indicate that it was given as a guaranty, to further secure the debt of the principal as provided in the agreement of liquidation. I find that the latter instrument was subsequently materially modified without knowledge of the plaintiff and in his absence, as a consequence of which there resulted among other things, an extension of the defendant bank's time to complete the liquidation by the sale of assets of the Ridgewood Bank, not then realized upon, the time to do so being extended from August 29, 1932, to the same date in 1933. In the meantime the defendant bank itself became insolvent, resulting in the appointment of a conservator on March 29, 1933, and a receiver on November 14, 1933, for purposes of liquidation. In my opinion the modification of the liquidation agreement discharged the plaintiff's personal liability as guarantor (*Page* v. *Krekey*, 137 N. Y. 307, 314; *Antisdel* v. *Williamson*, 165 id. 372), as well as the lien to the collateral pledged as security. (*Burnap* v. *Nat. Bank of Potsdam*, 96 N. Y. 125; *Wright Steam Engine Works* v. *McAdam*, 113 App. Div. 872, 874; affd., 190 N. Y. 550; *Nixon* v. *Carnegie Trust Co.*, 161 App. Div. 643.) The contention is advanced that the plaintiff is bound by the action of the son, the impleaded defendant who arranged for the modification, by reason of a certain proxy or power of attorney to him. I find no basis for this contention because by the very terms, the power of attorney was executed in the capacity of stockholder prior to the execution of the liquidation agreement and the guaranty in question; it had no reference to the guaranty or to any individual rights or obligations of the signers thereof; it was limited to voting on the proposition of " placing said bank in voluntary liquidation, to vote for the ratification of any contract or agreement previously entered into in connection with such voluntary liquidation, and to vote for the appointment of a liquidating agent or committee of said bank." Accordingly I find and decide for the plaintiff for the relief prayed for in the complaint and dismiss the counterclaim against him on the merits, and find and decide that the defendant bank is entitled to judgment against John F. Pitz, Jr., the impleaded defendant, as prayed for in the counterclaim. The motion to conform the complaint and reply to the proof is granted. All other motions denied.