ESTATE OF HARRIET BLAIR BORLAND, CHAUNCEY BORLAND, BRUCE BORLAND, AND CYRUS H. ADAMS, JR., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82722.   Promulgated September 23, 1938.

*J. F. Dammann, Esq.*, and *Stuart J. Templeton, Esq.*, for the petitioners.

*W. Frank Gibbs, Esq.*, for the respondent.

OPINION

ARNOLD: Section 302 of the Revenue Act of 1926 provides that the value of the gross estate of a decedent shall be determined by including the value at the time of death of all property, real or personal, tangible or intangible, wherever situated, "to the extent of the interest therein of the decedent at the time of his death." Section

303 of the Revenue Act of 1926, as amended by section 805 of the Revenue Act of 1932, provides that in the case of a resident the value of the net estate shall be determined by deducting from the value of the gross estate the items therein set forth, including amounts "for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate." The section further provides that "The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or moneys' worth."

The petitioners contend that the statute requires them to include only the interest of the decedent in the securities held in account #1. The decedent's interest, they contend, is not the total value of the securities, but only so much thereof as remained after deducting therefrom the superior interest of Mitchell, Hutchins & Co. Petitioners further contend that, even if the pledged securities are treated as the property of the decedent and their entire value included in decedent's gross estate, the indebtedness to Mitchell, Hutchins & Co. constitutes a prior charge against the securities and is a proper deduction in determining the value of the decedent's net estate, proper credit being given for the value of Carrie D. Holland's securities in account #1.

The respondent contends that the courts and this Board have already held, in *City Bank Farmers' Trust Co.* v. *Bowers*, 68 Fed. (2d) 909, and *Rodiek* v. *Helvering* (C. C. A., 2d Cir.), 87 Fed. (2d) 328, affirming 33 B. T. A. 1020, that securities pledged to secure the indebtedness of another shall be included in a decedent's gross estate to the extent of their full value. Respondent argues that the securities pledged by Harriet Blair Borland were at all times considered by the parties to the two agreements to be the absolute property of the decedent, and that the extent of her interest therein was the fair market value of the securities at September 16, 1933. In answer to the second phase of petitioner's argument, respondent points out that Mitchell, Hutchins & Co. had no claim against decedent or her estate because of the indebtedness of Carrie D. Holland, and, therefore, the pledging of decedent's securities to secure the brokers was not a liability incurred or contracted for an adequate consideration in money or money's worth.

We are in accord with respondent's position regarding the inclusion of the fair market value of the decedent's pledged securities in her gross estate. There can be no doubt that these securities

were owned outright by the decedent and that only the possession thereof was relinquished by her. She retained her other rights of ownership, such as the right to the income therefrom, the right to substitute other securities therefor, and the right to sell them. The reservation of the right to substitute other securities for those pledged would have enabled decedent, before her demise, to have reduced the particular securities to possession, thus clearly indicating the ownership thereof. Since this is true, the value of the pledged securities should be included in decedent's gross estate under section 302 (a) of the Revenue Act of 1926 and article 10 of Regulations 80. Cf. *City Bank Farmers' Trust Co.*, *supra*, and *Rodiek* v. *Helvering*, *supra*, cases involving the gross estates of nonresident decedents.

This brings us to the question of whether petitioners are entitled to a deduction from the gross estate in determining the net estate subject to tax. Section 303 (a) (1) of the Revenue Act of 1926, as amended by section 805 of the Revenue Act of 1932, provides for the deduction of "any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such * * * indebtedness, is included in the value of the gross estate." Having determined that decedent's pledged securities should be included in her gross estate without diminution, are petitioners entitled to deduct the indebtedness, if any, existing on September 16, 1933?

Respondent denies the right to any deduction because the indebtedness was not that of decedent, but an indebtedness of Carrie D. Holland. He says that decedent's act was prompted by generosity and possibly love and affection for a kinsfolk, and, therefore, that there could be no full and adequate consideration in money or money's worth to support the claimed deduction. We do not understand that respondent denies the existence of the indebtedness, or the amount thereof at September 16, 1933; his denial is that the indebtedness was the decedent's, or that any liability existed as to her estate to pay the indebtedness of Carrie D. Holland.

Legally, Mitchell, Hutchins & Co. had no claim against decedent's estate because of any personal liability of the decedent. However, the brokers held certain securities which were assets of the estate but which the petitioners could not reduce to possession without satisfying the brokers' lien. The brokers had acquired their special interest or property in decedent's securities when, pursuant to decedent's loan of the securities, they were pledged to secure the indebtedness of Carrie D. Holland. *Grover C. Ligon*, 37 B. T. A. 763. The pledge of decedent's securities as collateral subjected the securities to the liability of the brokers' lien, to the extent they might be necessary to discharge the lien. *Dunscombe* v. *Crocker-Wheeler*

*Electric Mfg. Co.*, 249 N. Y. S. 223; *Hammon* v. *Paine*, 56 Fed. (2d) 19; *Miner* v. *Goodbody* (N. J.), 166 Atl. 99. This liability became fixed and determined during the administration of the decedent's estate and thereupon constituted an indebtedness in respect to property within the meaning of section 303 (a) (1) of the 1926 Act, as amended.

There remains for consideration the limitation contained in section 303 (a) (1), as amended, to the effect that the deduction of any indebtedness in respect to property shall, when founded upon a promise or agreement, be limited to the extent that the indebtedness was contracted bona fide and for an adequate consideration in money or money's worth. Respondent, as above stated, has pointed out that there was no consideration flowing to the decedent which will support the claim, nor was there any contractual obligation between the decedent and the brokers which would support the deduction.

This argument, that the consideration must flow to the decedent to support a deduction claimed by the estate, has been considered and rejected in a number of court and Board decisions. In *Jeptha H. Wade, Jr., et al., Executors*, 21 B. T. A. 339, 346, the Board stated:

From a careful consideration of the provisions of section 303 (a) (1) of the Revenue Act of 1926, and of the legislative history of the section, we are of the opinion that it is not necessary that the consideration for the claim against the estate or mortgage upon or indebtedness in respect of property referred to in the section should have been received by the decedent. The law does not require that the consideration should be received by the decedent. The statute requires (1) that the indebtedness should be incurred or contracted bona fide; (2) that there shall be an adequate and full consideration; and (3) that the consideration shall be in money or money's worth.

To the same effect are the following decisions: *United States* v. *Mitchell* (C. C. A., 7th Cir.), 74 Fed. (2d) 571; *Carney* v. *Benz* (C. C. A., 1st Cir.), 90 Fed. (2d) 747; *Commissioner* v. *Porter* (C. C. A., 2d Cir.), 92 Fed. (2d) 426, affirming 34 B. T. A. 798; *Percy B. Eckhart, Executor*, 33 B. T. A. 426; petition to review dismissed, 91 Fed. (2d) 1010.

In this proceeding the decedent, by subjecting her securities to the brokers' lien, protected the brokers as to the indebtedness of Carrie D. Holland, and secured a forbearance from the brokers in closing out the Holland account. There can be no question about the bona fides of the transaction, either with respect to Carrie D. Holland or the decedent, and we are satisfied that there was adequate and full consideration in money or money's worth, even though the principal monetary consideration was not received by decedent. Her estate acquired substantial rights by subrogation, and these rights were later exercised by her executors in recovering a portion of the indebtedness from the collateral deposited by Carrie D. Holland. Cf. *H. Rodney Sharp*, 38 B. T. A. 166, 177.

In determining the amount of their claimed deduction petitioners would reduce the total indebtedness of account #1 by the value of Carrie D. Holland's collateral at September 16, 1933, arriving at a balance of $95,042.06, which they claim is deductible as the indebtedness in respect of the property included in the gross estate without diminution. This liability, however, was contingent upon the fluctuations of the market; it was not fixed or determinable until the brokers exercised their lien, or the petitioners paid off the indebtedness and released the collateral. The latter occurred on April 30, 1936, when petitioners paid off the balance of $32,173.17. Including this payment, the decedent's estate had paid $131,995.05 into account #1 over and above credits to the account by way of interest and dividends from Carrie D. Holland's securities and proceeds from the sale of securities of Carrie D. Holland. On April 30, 1936, the value of Carrie D. Holland's collateral in account #1 was $43,113.81, which amount should be credited against the payments made by the executors to determine the amount of the indebtedness satisfied by the decedent's estate. The difference, amounting to $88,881.24, represented the indebtedness in respect to property, which was paid during the administration of the estate, and this amount should be deducted from decedent's gross estate in accordance with the provisions of section 303 (a) (1) of the Revenue Act of 1926, as amended. *Percy B. Eckhart, Executor, supra.*

*Decision will be entered under Rule 50.*