## EPSTEIN v. GOLDSTEIN et al.

### No. 210.

Circuit Court of Appeals, Second Circuit.

March 10, 1941.

See, also, 2 Cir., 110 F.2d 747.

David Haar, of New York City, for appellant.

Robert P. Levis, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The original judgment in this suit was before the court on a prior appeal. We remanded the cause with instructions to modify the judgment in accordance with our opinion, which is reported in 2 Cir., 107 F.2d 755, 758. The present appeal brings up the judgment entered upon our mandate, the appellant contending that in certain respects the mandate has not been obeyed.

Among the transactions which the appellant's suit attacked as fraudulent was a transfer into the name of the bankrupt's wife of a stock brokerage account formerly carried in the bankrupt's own name. Upon the trial the plaintiff prevailed and judgment was entered requiring the bankrupt and his wife to execute instruments authorizing the stockbrokers to transfer to the trustee in bankruptcy all shares of stock standing in the name of the wife. The most valuable item carried in the account was 500 shares of Sears Roebuck stock which Mrs. Goldstein owned and had loaned to her husband for use as collateral. On the prior appeal we reversed the judgment "in so far as it affects the Sears Roebuck stock." While that appeal was pending the parties stipulated that the brokers should sell all the stock carried in the account and should pay over to the trustee in bankruptcy the net proceeds of sale, after deducting the debit balance owing to the brokers, to be held by him until final disposition of the appeal. Such sale produced $42,912.11, of which $35,529.28 was derived from the Sears Roebuck stock and $7,382.83 from other stocks; and after deducting the debit balance owing to them, the brokers paid over $20,855.60 to the trustee in bankruptcy. The judgment entered upon our mandate directs the trustee to pay this sum to Mrs. Goldstein. The appellant contends that he should be allowed to retain $7,382.83, representing the proceeds of the shares owned by the bankrupt. In other words, he maintains that the debt to the brokers should be paid wholly out of the proceeds of the Sears Roebuck stock.

This claim is based on the highly technical argument that the original judgment as modified on appeal, ordered all shares except the Sears Roebuck stock to be transferred to the trustee, and, since the bankrupt's shares have been sold, it follows that the proceeds obtained by their sale must be turned over without deduction, as no lesser sum will satisfy the mandate. But the modified judgment did not purport to affect the brokers' lien upon stock carried in the account, or to determine the source from which they should obtain payment of the debit balance. Hence payment in accordance with settled legal principles cannot be disobedience of our mandate. The husband was operating the brokerage account in his wife's name for his own benefit. As between husband and wife he was the primary debtor; and the wife in depositing collateral to secure his account was a surety. Gahn v. Niemcewicz's Ex'rs, 11 Wend., N.Y., 312; Rutherford Nat. Bank v. Manniello, 240 App.Div. 506, 271 N.Y.S. 69, affirmed 266 N.Y. 568, 195 N.E. 203. As such she had the right to have the husband's shares exhausted for payment of the debt to the brokers before resort could be had to her own. Vartie v. Underwood, 18 Barb., N.Y., 561; Wright v. Austin, 56 Barb., N.Y., 13; Smith v. First National Bank, 151 App.Div. 317, 135 N.Y.S. 985; Miner v. Goodbody, 113 N.J.Eq. 70, 166 A. 99; 37 A.L.R. 1263; see also Thomas v. Taggart, 209 U.S. 385, 389, 28 S.Ct. 519, 52 L.Ed. 845. To require her stock to bear the entire debt would be the same as to appropriate part of her shares for the benefit of her husband's creditor Northeastern, which is just what our prior opinion stated could not be done. There is no error in paragraph 4 of the judgment before us.

The appellant complains also of paragraph 5 of the judgment. This requires an accounting by the bankrupt which is said to be more favorable to him than a

corresponding provision in the original judgment as to which no modification was directed on the former appeal. The correction of this error, if it be one, would directly affect the bankrupt. As he is not a party to the appeal, we cannot consider it. This portion of the appeal must be dismissed. Davis v. Mercantile Trust Co., 152 U.S. 590, 14 S.Ct. 693, 38 L.Ed. 563.

Paragraph 4 of the judgment is affirmed; the appeal as to paragraph 5 is dismissed. Appellate costs are awarded to the appellee.