**MARINE MIDLAND BANK**

v.

**John K. KILBANE.**

**Civ. No. Y-82-2390.**

United States District Court,
D. Maryland.

July 27, 1983.

Jordan M. Spivok, Rockville, Md., for plaintiff.

Douglas M. Bregman, Bethesda, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff Marine Midland Bank ("Bank") brought this diversity suit to recover mo-

**1476**

nies allegedly due from defendant John Kilbane under a written guaranty dated August 2, 1976. Both parties moved for summary judgment. On June 7, 1983, the Court issued a Memorandum resolving all but one of the issues raised in the summary judgment motions in favor of the Bank. The remaining issue—whether Kilbane was released pursuant to a settlement agreement between the Bank and Doris Burke—could not be resolved since the Court had not been given a copy of the settlement agreement. The Memorandum concluded:

> Kilbane's first four contentions have been found to be unmeritorious. The Court has signed an order [directing that the settlement agreement be forwarded to the Court] which will permit it to resolve Kilbane's fifth contention. Once the settlement agreement is received by the Court, it can be determined whether Kilbane was released by that agreement. If so, summary judgment will be entered in favor of Kilbane. If, however, Kilbane was not released by the settlement agreement, then the Court will enter summary judgment in favor of the Bank.

■ The Court has recently received copies of documents memorializing the settlement agreement between the Bank and Doris Burke. One of the documents releases Doris Burke from all obligations to the Bank in consideration of the sum of $55,000.00. The document states that:

> This release, however, reserves any and all rights, claims, demands, damages, causes of action or suits that said releasor [Bank] might now have or might subse-

quently accrue to it against any other obligor by reason of any matter or other thing whatsoever...

The quoted language makes clear that Kilbane was not released by the settlement agreement between the Bank and Doris Burke and thus the Bank is entitled to an entry of summary judgment in its favor.* N.Y.Gen.Oblig.Law § 15–104.

■ Subsequent to the June 7 Memorandum, Kilbane put forth two additional reasons which he contends require an entry of summary judgment in his favor or, in the alternative, preclude summary judgment in favor of the Bank. Neither of these reasons provide any support for Kilbane. First, Kilbane's reliance on *Rutherford National Bank v. Manniello,* 240 A.D. 506, 271 N.Y.S. 69 (N.Y.App.Div.1934), is misplaced because in that case, unlike the instant case, the obligor had not consented to the release of another obligor. *See Standard Brands, Inc. v. Straile,* 23 A.D.2d 363, 260 N.Y.2d 913 (N.Y.App.Div.1965) (where guaranty provides that one obligor can be released without releasing another co-obligor, the second obligor has consented to the release of the first obligor). Second, contrary to Kilbane's view, the doctrine of *strictissimi juris* is inapplicable where, as in the instant case, the language of the guaranty is clear and unambiguous. *See generally* 57 N.Y. Jur. *Suretyship and Guaranty* § 104 (1967). Thus, Kilbane's argument that the doctrine of *strictissimi juris* operates to release him from his obligations under the guaranty because the Bank obtained additional persons to secure the principal's indebtedness is misplaced in view of the several provisions

---

* Because the quoted language makes clear that Kilbane was not released by the settlement agreement between the Bank and Doris Burke, the Court will deny Kilbane's request to examine the file in *Marine Midland, N.A. v. Doris E. Burke,* Case No. 80–19840. Indeed, the Court has been informed by Mr. Alexander Cocalis of the General Counsel's Office of Broward County, Florida that the file does not contain any information pertinent to the instant case. Similarly, the Court will deny Kilbane's request that he be allowed to take discovery on the December 21, 1978 check executed by Doris Burke. There is absolutely no indication that

the check is relevant to the instant suit. The time has long since passed when Kilbane should have raised the contention that the actions of either Doris Burke or Robert Burke released Kilbane from his obligations under the Guaranty. To permit Kilbane to engage in further discovery at this late date would needlessly delay the resolution of this case. In this vein, it is worth noting that by order dated November 22, 1982, the Court established February 7, 1983 as the discovery cut-off date.

of the Guaranty authorizing the Bank to obtain additional indorsements, collateral and guaranties to secure the principal's indebtedness. *See* Memorandum of June 7, 1983 at 8.

For the reasons stated herein, it is this 27th day of July, 1983, by the United States District Court for the District of Maryland, ORDERED:

That plaintiff's motion for summary judgment BE, and the same IS, hereby GRANTED.