Argued February 7, on motion to dismiss appeal. Appeal dismissed April 17, 1923.

## WEEKS *v.* SNIDER.

(214 Pac. 334.)

**Appeal and Error—No Appeal from Order Sustaining Demurrer to Defendant's Answer.**

An appeal from an order sustaining plaintiff's demurrer to defendant's further and separate answer and defense was premature and subject to dismissal as not from a final decree.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

F. O. Weeks brought this suit against C. H. Snider for an accounting of an alleged partnership. In the complaint it is alleged that on May 20, 1918, the plain-

tiff and defendant entered into an agreement of partnership, to continue over a period of three years, and that under the terms of the agreement the plaintiff was to furnish a farm, to pay the taxes on the farm, and to furnish one half of the hogs to be placed on the farm. It is also alleged that the defendant agreed to furnish one half of the hogs to be placed on the farm, to furnish all the cows, to supply the seed and labor, and to cultivate and operate the farm. The plaintiff avers that all the proceeds, including the sales of hogs, milk, cream, hay, vegetables, fruit, eggs, potatoes, and all other crops, and commodities, should be equally divided between plaintiff and defendant. The plaintiff alleges that pursuant to the agreement the defendant went upon the farm on May 20, 1918, and that afterwards on or about December 20, 1919, the defendant abandoned the farm and has failed to render to plaintiff any statement of the account between the plaintiff and the defendant and has refused to account to the plaintiff for his share of the proceeds accruing from the operation of the farm; and that the defendant has not paid to the plaintiff any sum whatever except $120. It is further alleged that the defendant kept all of the accounts and has full knowledge of the sales, but that plaintiff has no knowledge thereof except in a general way. The complaint concludes with a prayer for an accounting, and for a judgment against the defendant for whatever sum may be found to be due.

In the defendant's answer it is admitted that the defendant moved to plaintiff's farm on May 20, 1918, and that he removed from the farm in December, 1919; and that the defendant paid plaintiff $120; but every other allegation in the complaint is denied by the answer.

The defendant pleaded a further answer and defense and also a further and separate answer and defense by way of counterclaim; and in each of these further answers the defendant alleges that for the purpose of inducing the defendant to rent the farm from plaintiff, the latter made certain false representations, upon which the defendant says he relied.

In the first further and separate answer and defense it is alleged that because of conditions actually existing, the rental value of the farm was less than it would have been if conditions had proved to be as the plaintiff represented they were and would be, and that because of such actual conditions the reasonable rental value was not to exceed $500. It is further alleged that when the defendant removed from the farm of the plaintiff in December, 1919, the defendant

"left about eight acres of said farm land sowed to vetch and rye, of the value of at least $150, and two acres of kale, of the value of at least $100, and at least 200 sacks of potatoes undug, of the value of at least $800, and that on or about Nov. 1, 1918, the defendant paid the plaintiff the sum of $120 in cash, and by reason thereof the defendant has more than paid to the plaintiff the reasonable rental value of said premises during the time he occupied the same."

In the further and separate answer and defense pleaded by way of counterclaim the defendant avers that he was damaged

"in the loss of his profits which he would and could have made on said farm, had said representations of the plaintiff been true as made to the defendant as aforesaid, in the sum of ten thousand dollars."

The plaintiff demurred to the "further answer and defense" and to the "further and separate answer and defense and counterclaim." On September 17,

1920, the court sustained the demurrer ''as to each of said defenses and the counterclaim set up in the answer,'' and it was further ordered that the defendant have to and including September 27, 1920, within which to file an amended answer. On September 25, 1920, the defendant served a notice that he

''appeals to the Supreme Court of the State of Oregon from that certain order, sustaining plaintiff's demurrer to defendant's further and separate answer and defense, and sustaining demurrer to defendant's further separate answer and counterclaim'' made on September 17, 1920, and that ''defendant appeals from the said order sustaining said demurrer and from every part thereof.''

APPEAL DISMISSED.

For the motion, *Mr. W. F. Magill* and *Mr. W. H. Bard.*

*Contra, Mr. O. A. Neal* and *Mr. Richard Talboy.*

HARRIS, J.—The defendant did not appeal from a final decree. The defendant in his notice of appeal specifically states that he appeals from the ''order sustaining said demurrer and from every part thereof.'' The order sustaining the demurrer did not, even in effect, determine the suit, for the suit was still pending after the ruling on the demurrer; and, indeed for aught that appears in the record presented to us it may be that the suit is now pending in the Circuit Court. The appeal was premature. The defendant can have a review of the order on the demurrer by appealing from the final decree, but he could not appeal directly from the order before the rendition of a final decree. On the authority of the following precedents the appeal must be and it is

dismissed: *Giant Powder Co.* v. *Oregon Western Ry. Co.*, 54 Or. 325 (101 Pac. 209, 103 Pac. 501); *Rockwood* v. *Grout*, 55 Or. 389 (106 Pac. 789); *Lecher* v. *St. Johns*, 74 Or. 558, 560 (146 Pac. 87); *Birkemeier* v. *Milwaukie*, 76 Or. 143, 150 (147 Pac. 545); *Salem Kings Products Co.* v. *La Follette,* 100 Or. 11, 19 (196 Pac. 416).    APPEAL DISMISSED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.