Submitted on briefs November 5, appeal dismissed December 16, 1924.

## G. S. BUTLER *v.* CITY OF ASHLAND ET AL.

### (231 Pac. 155.)

**Appeal and Error—Order Overruling or Sustaining Demurrer is not Appealable, but is Reviewable on Appeal from Judgment.**

An order overruling or sustaining a demurrer to the complaint is not a final determination of case, and is not appealable, but may be reviewed on appeal from the judgment or decree in view of Section 548, Or. L.

From Jackson: C. M. THOMAS, Judge.

In Banc.

This is an appeal from an order sustaining a demurrer to the complaint. The demurrer was filed in behalf of the defendant, Talent Irrigation District, and is based upon the ground that the complaint does not state facts sufficient to constitute a cause of suit

---

See 2 R. C. L. 43, 48.

against the defendants named therein. The City of Ashland and its mayor and recorder answered. The order appealed from is as follows:

"It is therefore ordered that the demurrer to the complaint be and the same is hereby sustained."

No other action of the court has been taken and the transcript clearly indicates that the suit has not been finally disposed of. The abstract of record contains this statement:

"After which, the plaintiff, declining to plead further, filed a notice of appeal from the order sustaining defendant's demurrer."

The only error assigned is sustaining the demurrer to the complaint interposed in behalf of the Talent Irrigation District. The plaintiff appeals.

APPEAL DISMISSED.

For appellant there was a brief over the name of *Nellie Hickey.*

For respondents City of Ashland, C. L. Loomis, Mayor, and Gertrude Biede, Recorder, there was a brief over the name of *Messrs. Briggs & Briggs.*

For respondent Talent Irrigation District, there was a brief over the name of *Messrs. Calkins & Hanna.*

COSHOW, J.—Section 548, Or. L., prescribes:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial

right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree.''

In this suit no judgment or decree has been entered. Final disposition of the suit has not been made in the Circuit Court. It has been frequently held that an order overruling or sustaining a demurrer is not appealable. Such an order may be reviewed on appeal taken from the judgment or decree, but the order itself is not a final determination of the case and is not appealable: *Weeks* v. *Snider*, 107 Or. 138, 141 (214 Pac. 334).

The appeal is premature and must therefore be dismissed.                    APPEAL DISMISSED.