Argued September 18; appeal dismissed September 25, 1945

## SANDBLAST *v.* OREGON LIQUOR CONTROL COMMISSION ET AL.

(161 P. (2d) 919)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK, BRAND, and HAY, Associate Justices.

*L. B. Sandblast,* of Portland, in pro. per.

*Wilber Henderson,* of Portland (Ernest M. Jachetta, of Portland, on the brief), for respondents.

KELLY, J.

On August 19, 1944, plaintiff filed a complaint in the Circuit Court for Multnomah County, the prayer of which is as follows:

> "Wherefore, plaintiff prays that the Oregon Liquor Control Commission be required to sell and deliver to the plaintiff one quart of whiskey in excess of a quart and a 'fifth' of whiskey which he has heretofore acquired by sale and purchase from the Oregon Liquor Control Commission during the month of August, 1944, thereby providing the plaintiff with two quarts of standard brand of alcoholic liquor known as whiskey which it has in its possession for sale, for the month of August, 1944, and for his costs and disbursements incurred herein."

Based upon that complaint an order was made directing the issuance of an alternative writ of mandamus, which was issued and served upon defendant commission. To that alternative writ a demurrer was filed and on August 25, 1944, an order was duly made sustaining said demurrer and granting plaintiff until and including August 28, 1944, in which to file an amended alternative writ of mandamus.

On August 28, 1944, plaintiff filed an amended complaint and petition for the issuance of an amended writ of mandamus; and an order was duly made directing the issuance of an amended alternative writ

of mandamus. Said amended writ was thereupon issued and on August 30, 1944, a demurrer thereto was filed.

On August 31, 1944, an order was duly made and entered sustaining said last mentioned demurrer.

Omitting the title, said order is as follows:

"This matter coming on regularly to be heard on the 20th day of August, 1944, in the above entitled court and cause upon the Demurrer of the defendant, Oregon Liquor Control Commission, to plaintiff's Amended Alternative Writ of Mandamus; plaintiff appearing in person, and defendant, Oregon Liquor Control Commission, appearing by its attorney, Ernest M. Jachetta; and the court having listened to the arguments of counsel, and the court being of the opinion that the Demurrer to the Amended Alternative Writ of Mandamus should be sustained; and the court being fully advised in the premises, now, therefore,

It Is Ordered, that the Demurrer of the defendant, Oregon Liquor Control Commission, to plaintiff's Amended Alternative Writ of Mandamus be and the same is hereby sustained.

Dated at Portland, Oregon, this 31st day of August, 1944.

Walter L. Tooze,
Judge."

Omitting its title the following is the only notice of appeal appearing in this record, to-wit:

"To the defendant, Oregon Liquor Control Commission, an agency of the State of Oregon, acting through and by G. P. Lilley, H. R. Kirkpatrick and P. L. Crooks, as Commissioners and Ray Conway, as Administrator and Secretary thereof:

You will please take notice that the Petitioner, L. B. Sandblast, hereby appeals to the Supreme Court of the State of Oregon from the Order and Judgment made and entered by the Honorable Walter L. Tooze in sustaining defendant's demurrer

to the petitioner's Amended Alternative Writ of Mandamus entered in the above-entitled court on the 31st day of August, 1944, in favor of the Respondent and against said Petitioner, L. B. Sandblast; and from the whole thereof.

Dated this 5th day of September, 1944.

L. B. Sandblast
Attorney for Petitioner Appellant.''

■ An order sustaining a demurrer is not appealable: *In re Norman's Estate,* 159 Or. 197, 204, 78 P. (2d) 346; *Smith v. Rose, et al.,* 125 Or. 56, 242 P. 842; *Butler v. City of Ashland, et al.,* 113 Or. 72, 231 P. 155; *Weeks v. Snider,* 107 Or. 138, 214 P. 334; *Birkemeier v. Milwaukie,* 76 Or. 143, 147 P. 545; *Lecher v. St. Johns,* 74 Or. 558, 560, 146 P. 87; *Rockwood v. Grout,* 55 Or. 389, 106 P. 789.

■ None of the foregoing authorities is a case in mandamus; however, the general rule that only final judgments and orders are reviewable by appeal, writ of error or other proceedings for review, unless it is otherwise provided by constitutional or statutory provisions, applies to mandamus proceedings. 38 C. J., Subject, Mandamus, p. 942, Sec. 739.

"No appeal lies before final judgment from rulings on demurrers to the pleadings except as they come within the terms of a special statute dealing therewith or within the terms of general statutes permitting appeals from interlocutory orders." 4 C. J. S. p. 220, Subject, Appeal and Error, Sec. 116 Sub-div. c, Subtitle, Pleadings, paragraph (6).

We find no constitutional provision or special or general statute rendering inapplicable hereto the general rule above stated.

■ The statute provides that the defendant on whom a writ of mandamus shall have been served may show cause by demurrer or answer to the writ in the same manner as to a complaint in an action. Sec. 11-307, Vol. 2, O. C. L. A. p. 338. The pleadings in mandamus proceedings consist of the alternative writ or a peremptory writ, the demurrer to the writ or answer thereto and the demurrer or reply to the answer. These pleadings may be amended in the same manner as pleadings in an action. Sections 11-307, 11-308 and 11-309, Vol. 2 O. C. L. A. p. 338.

■ Even if the record should disclose that an appealable order was entered in the instant case, there is no notice of appeal therefrom in this record. As above shown, the notice of appeal herein is directed only to the order sustaining the demurrer aforesaid.

■ To confer appellate jurisdiction upon this court it is essential that an appealable order, judgment or decree be rendered by the trial court. It is also essential that a notice, either orally or in writing, be given of an appeal from such an order, judgment or decree. These requisites are jurisdictional. Neither of them is to be found in the record before us in this case.

For these reasons, the appeal herein is dismissed.