Submitted on motion to dismiss appeal January 20,
appeal dismissed February 17, 1954

## STATE OF OREGON by
## STATE HIGHWAY COMMISSION *v.* SUPERBILT
## MANUFACTURING CO. ET AL. and PARK ET AL.

266 P. 2d 1072

*S. J. Bischoff* and *George W. Mead,* of Portland, for the motion of defendant-respondent Superbilt Manufacturing Co., Inc.

*John A. Heltzel,* of Salem, contra.

BRAND, J.

This is a motion to dismiss an appeal from an order denying a motion for leave to intervene in a condemnation action brought by the State Highway Commission against the Superbilt Manufacturing Company, Inc., and others. The condemnation action joined numerous parties having or claiming an interest in the property sought to be condemned. The appellants are M. W. Park and M. W. Park, Jr., partners operating as M. W. Park Company, and hereafter called the Parks. The complaint was filed on 31 December 1951. Defendants Arbitman and Greenberg, executors, answered on 25 January 1952, and plaintiff replied on 1 February 1952. The defendants Superbilt Manufacturing Company, Inc., and Milton D. Tarlow answered the complaint on 27 July 1953. Motion to set the case for trial was filed by the executors on 5 October 1953. On 6 October 1953 the Parks filed a motion for leave to intervene and tendered therewith

a complaint in intervention. The proposed complaint alleged that on 13 April 1953 (15 months after the complaint in condemnation was filed) the Parks commenced an action which is now pending and has not proceeded to judgment, against Superbilt to recover money alleged to be owing the Parks from Superbilt, and attached certain lands owned by Superbilt. It is further alleged that the land sought to be condemned *is a part of the land* which was attached. The Parks therefore allege that they have a lien against the land attached as of 13 April 1953 and that such lien will remain on the land attached but not condemned and will also remain as against the fund awarded in the condemnation proceedings as compensation and damages. They claim priority over the liens claimed by the other defendants against the Superbilt land.

On 30 October 1953 the trial court entered an order denying the motion to intervene. We quote the relevant portions of the order:

"It now appearing to the court that interveners have an attachment lien on the real property, which is the subject of this suit, and that such attachment lien was acquired during the pendency of the above entitled condemnation action, and the validity of such attachment lien was not questioned by said counsel, and that such requested intervention was for the purpose of transfering [sic] such attachment lien from said land to the compensation awarded for taking said land, and that such motion is premature and without right or necessity at this time, and the court being advised, it is

"ORDERED that said motion hereby is denied at this time; but such denial shall be without prejudice to interveners making a similar motion upon substantially the same grounds at any time after any award by the court or jury for the taking of said real property, and before the subsequent

supplemental trial for the purpose of apportionment of such compensation; and that such motion for leave to intervene after such award and before apportionment thereof, shall be deemed to be before trial and to be timely and proper in all respects."

It is alleged in the brief of the appellants Park that their action against Superbilt has now been reduced to a default judgment but no such statement appears in the record. It will be noted that the motion to intervene was filed 19 months after the filing of the complaint in condemnation.

The complaint in intervention raises no issue as between the would-be intervenors and the State of Oregon concerning the value of the property to be condemned, or the amount, if any, of the consequential damages. It merely seeks protection of the lien against the land attached and against the fund, when the amount of the latter shall be determined. The petitioners Park have no present right to intervene in the condemnation action. The statute authorizing intervention provides that "At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene. * * *" ORS 13.130. But the petitioners have shown no interest in the litigation with the State of Oregon. The only trial in which they may be entitled to intervene is the supplemental proceeding in equity discussed in the recent case of *State of Oregon, by Highway Commission v. Burk et al.*, 200 Or 211, 265 P2d 783. The question as to the right or duty of the state to join lien claimants under the provisions of ORS 366.375(2) is not before us. The petitioners had no lien when the condemnation proceedings were instituted and the state has not sought any order joining them as parties.

If the order of the trial court denying the petition in intervention had constituted a final order precluding the petitioners from intervening at any stage of the case, either before or after verdict, then it might be argued that the order was appealable under authorities holding that a statutory right to intervene is not discretionary and that the denial of the application amounted to an order affecting a substantial right, which in effect, determined the litigation so far as the intervenors were concerned. See 18 Am Jur 867, Eminent Domain, §§ 234, 235; 39 Am Jur 935, Parties, §§ 61, 66, 75; *State ex rel. Westlake v. District Court,* 119 Mont 222, 173 P2d 896; 169 ALR 287. And see ORS 19.010 (2) (a); *Anderson et al. v. Harju et al.,* 113 Or 552, 233 P 848; *Timoney et al. v. McIntire,* 146 Or 583, 31 P2d 165, 15 ALR2d 336. But the order of the trial court did not foreclose the right of the petitioners to intervene.

In *Brune v. McDonald,* 158 Or 364, 370, 75 P2d 10, the court said:

> "The generally accepted rule is that the right or interest which will authorize a third person to intervene must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation of the judgment [citing cases.]"

The plaintiffs' petition does not show such an interest of a direct and immediate character as is contemplated in the Brune case, nor does the record indicate that petitioners will lose any rights by reason of the denial of their petition. Examination of the order denying the motion to intervene shows that it was not final, but on the contrary was expressly based on a finding that the motion was prematurely made. The order was apparently carefully drawn. It authorizes re-

newal of the motion to intervene after the jury has made an award for the taking of the property, and it indicates that the court will retain jurisdiction after the award to entertain such motion. The order of the trial court was made before the decision of *State of Oregon, by Highway Commission v. Burk et al.,* supra, but the theory of the trial judge is in harmony with that decision.

██ In the Burk case we held that the trial court was authorized to retain jurisdiction after the condemnation action as such had terminated in a verdict of the jury followed by an unequivocal appropriation of the land and that the court was empowered to conduct a supplemental hearing in the same case for the purpose of apportioning the lump-sum award among the owners as their interests might appear, "exercising the powers of equity to that end." In that case the various claimants were all parties in the original proceeding but we see no reason why in the pending case the petitioners Park should not be permitted to intervene in the supplemental proceedings as authorized by the trial court. The Parks had no interest in the land when the condemnation action was filed. They are not contesting the title of any defendant alleged to have been the owner of any interest in land when the complaint was filed and no question arises as to any alleged right of jury trial as to title to land. So far as the record shows, it does not appear that the plaintiff has entered into possession of the lands sought to be condemned or made any final election to take the property. ORS 366.385 and 366.390. If it has not, then the plaintiff State of Oregon could abandon the action and the petitioners Park would still have a lien against the land itself. Only if the

plaintiff-condemnor has unequivocally taken the land or shall take it, could the Parks have any claim against the fund in the possession of the court, and the question then would involve the priority of various claimants. It would also involve consideration of the alleged fact that the Parks have a lien under their attachment upon other land of Superbilt not included in the condemnation. Under the specific facts of this case we do not think that the court had any duty to allow the Parks to intervene in the law action instituted for the determination of the just compensation which should be allowed for the taking. Their rights, if any, are to receive out of the lump-sum award such sum as they may be entitled to in the order of priority, which may be determined as between them and the other lien claimants and owners, and, in view of the fact that they have other security not included in the condemnation proceedings.

The facts present a typical case for determination on equitable principles but they present no case for intervention in a law action for condemnation. The order of the court denying leave to intervene did not finally determine the rights of the petitioners. It only provided, in harmony with *State v. Burk,* supra, that their rights could be adequately protected in the supplemental proceedings after the total compensation has been awarded and the court has reached the point at which the condemnation has either been completed or abandoned, and if completed, at which the court assumes equitable jurisdiction.

The following authorities support our conclusion that the order denying the motion to intervene was not appealable: In *A. J. Straus Paying Agency, Inc. v. Caswell Building Co.,* 227 Wis 353, 277 NW 648, a

bondholder sought to intervene in a suit brought by trustees to foreclose a mortgage securing the bond issue. The trial court had denied the right to intervene without prejudice to any right to file a petition at a later time. The petitioner appealed. The court held that since the order of the court denying the petition for intervention preserved to the petitioner the right to intervene at a later time it was obviously not a final order from which an appeal could be taken. An order is not final unless it precludes a future determination of the issues presented. Where the way is left open for investigation and determination of the merits presented by the application, it is not a final order determining the case or authorizing an appeal. The court stated:

> "Likewise, in the case at bar, the order denying intervention is not final because it does not completely or finally dispose of the question as to Hayes' right to intervene, or conclude or end the controversy in respect thereto, and thus preclude any further steps therein. On the contrary, the court expressly left that question and all of the merits presented by Hayes' application for intervention open for future proceedings and determination by a subsequent order in the action. It follows that the appeal must be dismissed."

See also *First National Bank of Glens Falls, N.Y. v. Parks,* 245 App Div 776, 280 NYS 805, appeal dismissed, 270 NY 506, 200 NE 292.

The Oregon statute quoted supra states the conditions under which an order may be considered appealable. First, the order must affect a substantial right, and second, the order must determine the action, and, in so doing, prevent a judgment or decree therein. ORS 19.010(2). The order in the case at bar does not come within the first condition, for no substantial right of the petitioners was affected by the order.

The order cannot have the effect of discharging or impairing in any way the lien of the petitioners on the land subject to condemnation, nor does the order impede the petitioners in the satisfaction of their lien. The order had the effect of prescribing an orderly procedure for the litigation of the issues involved. It affected procedural rights only, not substantive rights.

The interest of the petitioner had not attached at the time of the commencement of the condemnation action and he cannot be heard with respect to the amount of just compensation. The value of the land is determined as of the date the action was commenced, and the lien claimant did not have any interest at that time. He need not be heard on that question and has not sought to be heard thereon.

The rule adopted in *State of Oregon, by Highway Commission v. Burk et al.,* supra, and applied in the pending case, is the logical outgrowth of the interesting decision in *State v. Fitzgerald,* 154 Or 182, 58 P2d 508. We observed that the application to intervene was made "before trial" of the condemnation action in the pending case, but we think that the essential thing is that the application be made before trial in the equitable proceeding for distribution of the fund which is the only trial in which the intervenors claim any rights.

■ The order denying the petition to intervene was not a final order and was not appealable. The motion to dismiss the appeal is allowed without prejudice to the future assertion by the petitioners of their rights in accordance with the order of the trial court.