Argued March 5, dismissed August 5, 1970

## TER HAR, *Appellant, v.* BACKUS et al, *Respondents.*

473 P2d 143

*Steven T. Campbell,* Seaside, argued the cause for appellant. On the brief were Shults, Cole & Campbell.

*Walter H. Sweek,* Portland, argued the cause for respondents. On the brief were Vergeer, Samuels, Roehr & Sweek.

Before Perry,* Chief Justice, and McAllister, Sloan, O'Connell, Denecke, Holman, and Tongue, Justices.

---

* Perry, C.J., retired June 1, 1970.

McALLISTER, J.

This action was filed on December 24, 1968, in Clatsop County to recover damages for personal injuries and property damage sustained by plaintiff in a collision that occurred on December 30, 1966, between his automobile and one owned by defendant Lorraine L. Backus and driven by defendant Guy Edward Backus. The complaint contained three causes of action separately stated; one for general and special damages on account of injuries to plaintiff's person, one for damage to plaintiff's automobile, and a third for the cost of towing and storing the automobile "pending its disposal."

An attempt was made to serve the defendants personally in Clatsop County without success. Thereafter plaintiff attempted to serve defendants by substituted service on the Director of the Department of Motor Vehicles as authorized by ORS 15.190. The defendants appeared specially and moved to quash that service. The substituted service was quashed by an order entered on May 28, 1969. The plaintiff filed a notice of appeal from that order.

■ An order quashing the service of summons is not "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.010(2)(a). This court so held in *Krauger v. Steelhammer*, 183 Or 697, 698, 195 P2d 982 (1948), where we said:

> "We are of the opinion that the motion [to dismiss the appeal] should be allowed. The order quashing the service is not 'an order affecting a substantial right, and which determines the action or suit so as to prevent a judgment or decree therein, * * *.'"

See, also, *State ex rel Sullivan v. Tazwell*, 123 Or 326, 333, 262 P 220 (1927), where the court said:

> "* * * The order sustaining the motion to quash the service is not a final order. It is not an order preventing a judgment or decree. * * *"

We are aware that the rule in other jurisdictions is not uniform. In at least one state, an order quashing service appears to be appealable as a matter of course. *Tetley, Sletten & Dahl v. Rock Falls Mfg. Co.*, 176 Wis 400, 187 NW 204 (1922). In others, such an order is appealable only if made on such grounds that it effectively disposes of the action, leaving the plaintiff no chance of proceeding in the case by obtaining new service or amending his complaint. *Reed v. Real Detective Pub. Co.*, 63 Ariz 294, 162 P2d 133 (1945); *Allred v. National Old Line Ins. Co.*, 245 Ark 893, 435 SW2d 104 (1968); *Hunt v. Tague*, 205 Md 369, 109 A2d 80 (Md App 1954); *Brown v. Lamb*, 112 Ohio App 116, 171 NE2d 191 (1960); *Fairley v. Durkee's Famous Foods*, 178 Wash 141, 33 P2d 1073 (1934). Still others hold, as this court has held, that an order quashing service of summons, regardless of the trial court's reasons, is not appealable. If the plaintiff cannot by any means proceed any further, or prefers not to do so, he must secure a judgment of dismissal in order to obtain review. *Town of Wallins v. Luten Bridge Co.*, 291 Ky 73, 163 SW2d 276 (1942); *Busboom v. Gregory*, 179 Neb 254, 137 NW2d 825 (1965); *Honerine Min. & Mill Co. v. Tallerday Steel Pipe & Tank Co.*, 30 Utah 449, 85 P 626 (1906). Other cases are collected at 30 ALR2d 287, 300 et seq.

We think the rule last stated is the better one, being entirely in harmony with our reluctance to engage in piecemeal review. For a recent discussion of the rea-

sons for adhering to this policy see *Dlouhy v. Simpson Timber Co.*, 247 Or 571, 431 P2d 846 (1967).

An order quashing service of the summons is in some respects similar to an order sustaining a demurrer to a complaint. The plaintiff may decide that the order precludes recovery and that it would be futile to proceed further in the trial court. If appellate review is desired however, a final judgment must be entered as a condition precedent thereto. This court has consistently held that an order overruling or sustaining a demurrer is not appealable. "Such an order may be reviewed on appeal taken from the judgment or decree, but the order itself is not a final determination of the case and is not appealable." *Butler v. City of Ashland*, 113 Or 72, 74, 231 P 155 (1924). See, also, *Sandblast v. Oregon Liq. Cont. Com.*, 177 Or 213, 161 P2d 919 (1945), and *Weeks v. Snider*, 107 Or 138, 214 P 334 (1923), and earlier cases there cited.

If a plaintiff concludes that an order quashing his service of summons effectively disposes of his action he can take an order or judgment of dismissal without risk that such an order will be construed as a non-appealable "judgment or decree given by confession," ORS 19.020. In *Steenson v. Robinson*, 236 Or 414, 417, 385 P2d 738, 389 P2d 27 (1964) we held:

"\* \* \* If the plaintiff takes a nonsuit because of a ruling which precludes recovery, it has been held that the judgment is not in fact voluntarily requested and, therefore, does not bar an appeal. \* \* \*"

In *Electrical Products Corp. v. Ziegler*, 157 Or 267, 68 P2d 135, 71 P2d 583 (1937), a garnishment proceeding, some of plaintiff's allegations as to damages were stricken from his pleading upon motion of the gar-

nishee. Plaintiff thereupon moved for judgment on the pleadings, and judgment was entered in his favor but in an amount substantially less than prayed for. Plaintiff appealed, and the garnishee moved to dismiss the appeal on the ground, among others, that plaintiff had waived his right to appeal by asking for judgment on the pleadings. The court said:

> "The next contention is that plaintiff, by asking for a judgment on the pleadings, waived his right to appeal. To this contention we are unable to accede. It was about the only thing that plaintiff could do to wind up the case and get it in shape so that it could appeal." 157 Or at 273.

If the complaint contained only a cause of action for injury to the person and if it appeared with certainty that because of the statute of limitations the order quashing the service effectively disposed of the action there would be a temptation to overlook the procedural defect. There are two reasons why we cannot do so. In the first place it is difficult and sometimes impossible for us to tell whether an order quashing service effectively terminates the action. The best way to advise the appellate court that the case is ripe for appeal is to enter an order of dismissal. In the second place, the quashing of service in the case at bar did not dispose of the two causes of action for property damage—as to those causes at least the action is still pending. *Durkheimer Inv. Co. v. Zell*, 161 Or 434, 90 P2d 213 (1939). See, also, *Martin v. City of Ashland et al*, 233 Or 512, 378 P2d 711 (1963).

■ No motion has been filed to dismiss the appeal. However, since the appeal was taken from an interlocutory order it is our duty to dismiss the appeal on our own motion. *Martin v. City of Ashland et al*, supra; *Unemployment Comp. Com. v. Bates*, 227 Or 357, 363,

362 P2d 321 (1961); *McEwen v. McEwen*, 203 Or 460, 471, 280 P2d 402 (1955).

We are aware that in the recent case of *Morris v. Fee*, 255 Or 623, 469 P2d 788 (1970), we decided an appeal from an order quashing service of summons. As in this case, there was no motion to dismiss the appeal and we overlooked the failure to enter a final order. See, also, *Hanson v. Mosser*, 247 Or 1, 427 P2d 97 (1967); *Harper v. Wilson*, 185 Or 23, 200 P2d 600 (1948). We are opposed, however, to interlocutory appeals and in the future will require that appeals be taken only from a final judgment.

The appeal is dismissed.

TONGUE, J., concurs in the result.