Argued January 15, affirmed April 2, 1973

TOWNER WILCOX BROWN, *Appellant, v.*
UNITED STATES NATIONAL BANK OF
OREGON, *Respondent.*
508 P2d 208

*J. David Bennett* and *Alan L. Schneider*, Portland, argued the cause for appellant. With them on the briefs were Kean, Haessler, Harper, Pearlman and Copeland, and David W. Harper, Portland.

*Cleveland C. Cory*, Portland, argued the cause for respondent. With him on the briefs were Hugh L. Biggs, Jere M. Webb, and Davies, Biggs, Strayer, Stoel and Boley, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, and BRYSON, Justices.

O'CONNELL, C. J.

This is a suit in equity brought by the settlor of an express trust against the trustee to terminate the trust and in the alternative to remove the trustee and appoint a successor trustee. Plaintiff appeals from a decree in favor of defendant trustee.

In 1951 plaintiff executed a trust agreement in which defendant was the trustee. The trust was divided into two parts designated as "Fund A" and "Fund B" and both provide that plaintiff is the sole beneficiary of the income for her lifetime with limited rights to withdraw portions of the corpus during her lifetime. The trust provides that at plaintiff's death the trust is to terminate and the corpus is to be distributed as plaintiff appoints in her will or failing such appointment, "then to those persons who are entitled to her personal property under the intestacy laws of Oregon in force at the time of her death."

The trust agreement reserves to plaintiff the

right to revoke the trust during the lifetime of her father and with his consent. Thereafter, the trust purports to be irrevocable. Plaintiff's father died in 1961. The trust was not revoked during his lifetime.

In 1966 plaintiff brought a suit against defendant in which she sought the termination of the trust on the ground that since she was both the settlor and the sole beneficiary of the trust she had power to revoke it. Defendant denied that plaintiff was the sole beneficiary, whereupon plaintiff joined as defendants "any persons who may be existing intestate heirs of the plaintiff * * * and any and all persons born hereafter who would be plaintiff['s] * * * intestate heirs if living at the death of said plaintiff * * * appearing by and through * * * their Guardian Ad Litem."

Before the case was tried the foregoing parties (but not defendant) entered into a written agreement entitled "Agreement and Consent" in which it was agreed that as to Fund B the trust would be terminated and the property in that fund distributed to plaintiff, but that Fund A would be continued to be held in trust during the remainder of plaintiff's life "not subject to revocation." The court embodied the provisions of the Agreement and Consent in a decree.

In March, 1971, plaintiff commenced the present suit against defendant bank to terminate the 1951 trust and in the alternative asked that defendant be removed as trustee and its successor be appointed.

Defendant filed a plea in abatement to plaintiff's complaint on the ground that those persons who would be plaintiff's heirs at law at her death had an interest in the trust as contingent remaindermen and therefore were necessary parties in the suit for revocation.

Plaintiff demurred to defendant's plea in abatement. The demurrer was sustained in a letter opinion in which the court held that the doctrine of worthier title applied and that, therefore, there were no contingent remaindermen.[1] Defendant then filed its answer, setting up the defense of res judicata based upon the decree entered in the 1969 suit. The trial court sustained defendant's contention and held that plaintiff's suit was barred by the 1969 decree.

■ Plaintiff first contends that defendant was not a party to the former decree and therefore is not entitled to raise the defense of res judicata. It is plaintiff's theory that defendant was not a party to the decree because it did not sign the "Agreement and Consent". This argument is without merit. Defendant was a party to the 1969 suit and although it had no beneficial interest in the trust, it certainly was affected by the decree. The decree declared that defendant was "obliged to conform to the provisions of the settlement agreement upon demand of plaintiff Towner Wilcox Brown and the approval thereof by Order of this Court." Defendant was equally bound by that part of the Agreement and Consent embodied in the decree which made the trust irrevocable as to Fund A. The trial court rejected plaintiff's contention with the following comment:

> "Plaintiff argues that the bank cannot take advantage of the decree entered in the earlier litigation because it was not a party to the Consent and Agreement. That argument would be impressive if the bank were here seeking to enforce the

---

[1] According to the worthier title doctrine if a remainder is limited to the grantor's heirs and the heir would take the same estate by descent as that which he would take by the remainder, the remainder is void.

contract. That is not the case. Rather, the bank is asking this Court to give effect to a prior valid and final decree entered at the conclusion of a suit in which plaintiff was a party and in which she had a full, complete and fair opportunity to litigate the precise issues upon which her rights in this proceeding depend. The authorities, logic and reason compel the conclusion that the bank's position is correct."

We concur in the trial court's opinion.

■ Defendant argues that the Agreement and Consent "did not decide any issues" in the previous litigation. That is not true. Plaintiff's heirs apparent were joined in the original suit to make possible the adjudication of their interest, if any, in the trust. The Agreement and Consent recited that it was "a settlement by compromise of all questions, if any exist * * *" relating to whether the consent of anyone was legally necessary to plaintiff's right to terminate the trust.

There was a serious question as to whether the limitation of plaintiff's heirs created an interest in the persons who were joined in the previous suit and who became parties to the Agreement and Consent. If the limitation to plaintiff's heirs was void, then perhaps it could be said there was nothing to compromise. There is some basis for treating the limitation in the trust as void. If the doctrine of worthier title is regarded as a rule of law, the limitation is void. *Cordon v. Gregg,* 164 Or 306, 97 P2d 732, 101 P2d 404 (1940) can be read as holding that the doctrine is a rule of law. But the case can also be interpreted differently. Thus one writer, after stating that the action of the court on rehearing in *Cordon v. Gregg* "presumably makes the worthier-title doctrine the law in Oregon," follows

with a footnote in which the author observes: "There might be some doubt as to this, however, arising from the fact that, although the opinion is changed on rehearing, the holding is the same. Unless the ground of the holding on the first hearing is abandoned by the rehearing, the court's statement that the doctrine is the law in Oregon, having no effect on the holding, is mere *dictum*." The writer then concludes: "It is not clear from the opinion of *Cordon v. Gregg* what scope the court intends the doctrine to have."[®]

With this ambiguity as to the holding in *Cordon v. Gregg, supra,* there was good reason for the compromise settlement effected through the Agreement and Consent and its embodiment in the decree. Since the issue was once adjudicated, plaintiff cannot again raise it in this suit.

If the assets representing Fund A were surrendered to plaintiff by the defendant bank, it would be subject to suit by plaintiff's heirs apparent who had an interest in the trust by virtue of the 1969 decree making irrevocable the Fund A trust and thus making it possible for them to acquire the corpus of that fund if they survived plaintiff.

Plaintiff argues that the doctrine of res judicata should not be applied in this case in any event because its application would not serve any good social policy. It is urged that "continuation of this trust contrary to the wishes of the settlor and sole beneficiary would be meaningless." This assumes that the 1969 decree did not create any interest in plaintiff's heirs apparent. We have concluded otherwise.

■ Plaintiff contends that her right to revoke the

---

[®] Note and Comment, 20 Or L Rev 164, 166 (1941).

trust was recognized by the trial court when it entered an order sustaining plaintiff's demurrer to defendant's plea in abatement, and that defendant did not appeal from that order. The order, being interlocutory, was not appealable although it is reviewable on appeal from the final judgment.[9]

Moreover, the trial court's action in sustaining the demurrer to defendant's plea in abatement is not relevant to this appeal. When the demurrer was sustained defendant had the right to plead over, which it did by filing its answer. The answer raised for the first time the defense of res judicata. As we have already indicated, the prior decree adjudicated the issue of the revocability of the trust. That decree is binding in the present proceeding.

The decree of the trial court is affirmed.

---

[9] Waterway Terminals v. P. S. Lord, 242 Or 1, 406 P2d 556, 13 ALR3d 1 (1965).