Argued October 21, appeal dismissed November 18, 1974

# GENERAL CONSTRUCTION COMPANY, *Respondent, v.* OREGON STATE FISH COMMISSION (No. 394-578), *Appellant.*

528 P2d 122

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Carl R. Neil,* Portland, argued the cause for respondent. With him on the brief were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Plaintiff filed an amended complaint in Multnomah County Circuit Court against the Oregon State Fish Commission seeking additional compensation for construction of a fishway in the Willamette River. The Commission ultimately submitted an "amended answer and counterclaim" denying the allegations of the complaint and asserting three affirmative defenses and three counterclaims. Plaintiff demurred to two of the counterclaims which alleged plaintiff had damaged migrating anadromous fish in the course of its construction work, on the ground that the defendant lacked the standing to "sue" upon such a cause of action. Subsequently, the Department of Environmental Quality of the State of Oregon, acting through the Attorney General, moved the trial court for leave to intervene as a defendant. This motion was opposed by the plaintiff who argued that the DEQ had no interest in the issues raised by its complaint.

The circuit court by order sustained plaintiff's demurrer to the counterclaims and denied the motion for intervention. No further pertinent pleadings or orders were thereafter filed in the circuit court.

The state here appeals both of these orders.

"* * * The right to appeal is statutory and subject to any limitations imposed by the statute conferring the right * * *." *Logsdon v. State and Dell,* 234 Or 66, 70, 380 P2d 111 (1963). ORS 19.010 provides in relevant part:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"* * * * * *"

Because Paragraphs (b), (c) and (d) of Subsection (2) clearly do not apply to the situation at bar, any consideration of the substantive issues raised by this appeal is foreclosed unless the orders challenged here are judicial acts "affecting a substantial right" *and* determining "the action or suit so as to prevent a judgment or decree * * *" from being entered.

■ The well-settled rule in Oregon is that an order

sustaining a demurrer does not meet the statutory requirements of "appealability." *T. W. Brown v. U.S. Nat'l Bank,* 265 Or 161, 508 P2d 208 (1973) ; *Collins v. Lantz,* 234 Or 268, 381 P2d 213 (1963) ; *Durkheimer Inv. Co. v. Zell,* 161 Or 434, 90 P2d 213 (1939). Defendant argues, however, that this rule should not apply in a case such as this where an order sustaining a demurrer to a counterclaim effectively prevents a defendant from litigating all claims between himself and the plaintiff in a single action.

■ The distinction advanced by the defendant appears to lack substance. Arguing that there is a difference in effect between an order sustaining a demurrer to a complaint, affirmative defense or plea in abatement and one sustaining a demurrer to a counterclaim serves merely to beg the question, for the significant issue is not whether any of these orders produce unique results, but whether any of them constitute judicial action "affecting a substantial right" *and* determining "the action or suit" so as to be an "appealable" order.

When faced with an opportunity to do so, Oregon's Supreme Court has declined to make the distinction proposed by the defendant. In *Weeks v. Snider,* 107 Or 138, 214 P 334 (1923), plaintiff brought a suit for the accounting of an alleged partnership; defendant's answer denied the substance of the cause and also pleaded a counterclaim in which damages caused by reliance upon false representations were alleged. Plaintiff's demurrer to the "further and separate answer" and counterclaim was sustained by the lower court. In dismissing defendant's appeal from this order the Supreme Court concluded:

"The defendant did not appeal from a final decree. The defendant in his notice of appeal specifi-

cally states that he appeals from the 'order sustaining said demurrer and from every part thereof.' The order sustaining the demurrer did not, even in effect, determine the suit, for the suit was still pending after the ruling on the demurrer; and, indeed for aught that appears in the record presented to us it may be that the suit is now pending in the Circuit Court. The appeal was premature. The defendant can have a review of the order on the demurrer by appealing from the final decree, but he could not appeal directly from the order before the rendition of a final decree. On the authority of the following precedents the appeal must be and it is dismissed: *Giant Powder Co. v. Oregon Western Ry. Co.*, 54 Or. 325 (101 Pac. 209, 103 Pac. 501); *Rockwood v. Grout*, 55 Or. 389 (106 Pac. 789); *Lecher v. St. Johns*, 74 Or. 558, 560 (146 Pac. 87); *Birkemeier v. Milwaukie*, 76 Or. 143, 150 (147 Pac. 545); *Salem Kings Products Co. v. La Follette*, 100 Or. 11, 19 (196 Pac. 416)." 107 Or at 141-42.

The court in *Weeks* conspicuously failed to distinguish between the demurrer to the counterclaim and the demurrer to the "further and separate answer" in ruling that neither was a "final decree" capable of being appealed. *See also Sandblast v. Oregon Liq. Cont. Com.*, 177 Or 213, 161 P2d 919 (1945).

A dismissal of this appeal of the order sustaining the demurrer will not deprive the defendant of all opportunity to have that decision subjected to appellate scrutiny. As noted by the Supreme Court in both *Weeks v. Snider*, supra, and *Hubbard et ux v. Olsen-Roe Transfer Co.*, 101 Or 168, 199 P 187 (1921) —where an appeal from an order sustaining a demurrer to a "separate answer" was dismissed—these orders are unappealable only because of their lack of "finality," i.e., they do not serve to "determine the action or suit."

■ If, after trial upon the issues raised by plaintiff's complaint, the Fish Commission is found to be liable for damages, an order compelling payment may then be appealed as a "final order affecting a substantial right, and made in a proceeding *after* judgment or decree" (emphasis supplied) (ORS 19.010 (2)(c)); as an assignment of error in that appeal the defendant may challenge the propriety of the order by which its counterclaims were eliminated from consideration. ORS 19.140.

The circuit court order foreclosing intervention must also meet the requirements of ORS 19.010 if this appeal of that action is to avoid dismissal. As the denial of the motion to intervene falls within only the first of the four distinct categories of "appealable" orders delineated by that statute, review of this order is proper only if it (1) affected a substantial right, and (2) determined the action or suit.

■ Where, as here, the denial of intervention does not deprive a party of its cause of action but simply requires it to be pursued in a second proceeding, it does not in any sense "determine" the suit. All parties in the case at hand agree that subsequent to the denial of the motion questioned here it remained possible for the DEQ to initiate an independent action against General Construction for the alleged fish damage. As noted by the United States Court of Appeals for the Ninth Circuit in a case involving Oregon's intervention statute:

"* * * If there is any 'other appropriate form of proceeding' open to the intervener, the order denying intervention is not final, and therefore not appealable, because the order does not 'terminate the litigation between the parties on the merits of

the case.'" *State of Washington v. United States,* 87 F2d 421, 434 (9th Cir 1936).

Defendant argues that the Supreme Court's decision in *State Highway Com. v. Superbilt Mfg. Co.,* 200 Or 478, 266 P2d 1072 (1954), authorizes review of the order denying intervention in this case because that order precluded "the petitioners from intervening at any stage of the case, either before or after verdict * * *" (200 Or at 482) and was therefore "final." Our study of *Superbilt* indicates that when the language relied upon by the defendant is read in the context of the peculiar circumstances of that case it becomes apparent that such reliance is misplaced.

The order dismissed as unappealable in *Superbilt* had been entered in response to a motion for leave to intervene made in the context of a condemnation action initiated by the state. The parties seeking to intervene alleged that, after the attachment of the land by the state, they had acquired a lien prior to all others. Their motion thus had raised no issue as between themselves and the state concerning the value of the property, but had been directed at protecting their lien against the land and against any fund awarded as compensation or damages in the condemnation proceedings. Although denied the right to intervene in the action instituted for the determination of just compensation, the lower court's order had protected the potential intervenors' statutory right to assert their interests in the subsequent equitable proceedings for apportionment of compensation by explicitly providing that they would not be barred from making a new motion upon the same grounds after an award by court or jury. The obvious implication of the *Superbilt* decision is that the "appealability" of an order de-

nying intervention is to be determined not by whether it unequivocally precludes any intervention whatsoever in the case at hand, but by whether a would-be intervenor is thereby deprived of all opportunity to litigate his claim, a standard clearly in accord with that articulated in *State of Washington v. United States,* noted above.

The DEQ was not prohibited from bringing its own action in another proceeding after the denial of its request to intervene in this case.

Appeal dismissed.