Argued and submitted October 2, remanded to Court of Appeals
to dismiss appeal for want of jurisdiction and to remand to
circuit court for further proceedings October 30, 1979

## J. GREGCIN, INC.,
### *Respondent,*
*v.*
## CITY OF DAYTON, et al,
### *Petitioners.*

## (No. TC 33303, CA 10910, SC 26250)

601 P2d 1254

Gary A. Rueter, McMinnville, argued the cause for petitioners. With him on the brief were Francis E. Marsh and Marsh, Marsh, Haugeberg, Rueter & Phillips, P.C., McMinnville.

C. David Hall, Portland, argued the cause for respondent. With him on the brief were Brian M. Sullivan and Rask & Hefferin, Portland.

LENT, J.

## LENT, J.

This is an action for damages asserted under ORS 30.260 to 30.300 (Tort Actions Against Public Bodies). After a jury had been empanelled the trial judge sustained a demurrer to plaintiff's amended complaint. The Court of Appeals reversed, *J. Gregcin, Inc. v. City of Dayton*, 39 Or App 743, 593 P2d 1231 (1979), and we granted review, ORS 2.520, 286 Or 745 (1979). We have since concluded on our own motion that the Court of Appeals had no jurisdiction of the cause and that it must be remanded to the circuit court for further proceedings.

After argument on the demurrer the trial judge orally sustained the demurrer from the bench. He informed counsel that he would follow with a letter opinion explaining his reasoning and asked counsel to refrain from submitting an order until issuance of an opinion. Thereafter the trial judge did issue a letter opinion, a copy of which is filed in the trial court file. The letter contains no words of judgment or dismissal, nor does it purport to be an order; rather it contemplates the future entry of an order:

> "* * * Therefore, defendant's[1] demurrer to plaintiff's complaint for failure to state a cause of action is sustained.
>
> "The defendant may prepare the appropriate order—setting forth the necessary findings and conclusions in accordance with the terms of this letter opinion."

Thereafter the circuit court made and "filed" a written document denominated "ORDER" which *recited* that the defendants had moved "for a dismissal of said complaint upon the grounds that said complaint failed to state facts sufficient to constitute a cause of action."[2] That order further *recited* that the court had

---

[1] There were defendants other than the City of Dayton, but the record sometimes refers to the singular. We shall refer to "defendants" in the plural except in quoted matter.

[2] A motion to dismiss is not yet the proper means of raising such a contention. It is properly done by demurrer, ORS 16.260(6). Sustaining a

granted the motion. There is nothing in the transcript of proceedings or the trial court file to support that last recital.

The written document, other than recitals and date, provided:

"IT IS THEREFORE HEREBY ORDERED that the plaintiff's amended complaint filed in the above entitled action fails to state facts sufficient to constitute a cause of action and that said complaint be, and the same hereby is, dismissed; and,

"IT IS FURTHER HEREBY ORDERED that costs are awarded to neither party herein."[3]

Although it might be argued that this "dismissal" of the complaint in this action at law was an appealable order under ORS 19.010, we need not, and therefore do not, decide the question, for at plaintiff's instance two weeks later the trial court made and "filed" an "AMENDED ORDER." In that order the recital that a motion for dismissal had been made and granted was eliminated, and instead the order recited that in open court defendants had demurred to plaintiff's amended complaint and the demurrer had been sustained. Except for recitals and date the amended order provided:

"IT IS THEREFORE HEREBY ORDERED that defendant's demurrer to plaintiff's amended complaint be, and the same hereby is, sustained; and,

"IT IS FURTHER HEREBY ORDERED that costs are awarded to neither party herein."[4]

---

demurrer does not ipso facto result in dismissal. The use of improper procedural tools may lead one to believe that he has accomplished a certain result when he has not. The trial judge was well aware that he had not ruled upon a motion to dismiss. From the bench he said: "The only issue I'm going to rule on is that involving the demurrer." His letter opinion is likewise limited.

After the end of this year a motion to dismiss will be the proper tool to assert the failure of the complaint to state facts sufficient to constitute a claim. ORCP 21 A. (8).

[3] It would appear that defendant was *entitled* to judgment for costs. ORS 20.040 and 20.060.

[4] *See* footnote 3, *supra.*

It is to be noted that the amended order does not "dismiss" anything; neither does it give judgment to any party.

Plaintiff then filed its notice of appeal specifically stating that the appeal was

"* * * from the order * * * entered herein on the 12th day of April, 1978, sustaining defendants' demurrer to the Amended Complaint * * *."

The order of April 12 was the one described above as being denominated "AMENDED ORDER."

Defendants raised no question of want of jurisdiction in the Court of Appeals, and that court stated in part:

"* * * The trial court sustained the demurrer on that basis. When plaintiff refused to plead over, judgment was entered for defendants. Plaintiff appeals."

The Court of Appeals correctly stated that it was dealing with the sustaining of a demurrer and not the granting of a motion to dismiss; however, there is nothing in the record to show that judgment was ever entered for defendants. We infer the statement concerning entry of judgment is a mere inadvertence.

On oral argument in this court counsel for the parties conceded that no judgment had ever been entered in the trial court, and plaintiff's counsel conceded that plaintiff had appealed from the order sustaining the demurrer.

The Court of Appeals has no appellate jurisdiction other than that conferred by statute. *See,* ORS 2.510 creating the Court of Appeals and ORS 2.516 granting jurisdiction of appeals. *Compare, Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978); *Smallwood v. Erlandson,* 281 Or 699, 576 P2d 374 (1978); *Andrysek v. Andrysek,* 280 Or 61, 569 P2d 615 (1977); *Lulay v. Earle, Wolfer,* 278 Or 511, 564 P2d 1045 (1977). Our attention has been directed to no statute other than ORS 19.010 as a basis for appellate jurisdiction in this case.

In a post-argument letter (invited by this court) plaintiff contends that this "case" was dismissed by the earlier of the two orders discussed, *supra.* One answer is that plaintiff failed to file a notice of appeal from that order within the time permitted by law. ORS 19.026. The second answer is that the "case" was not dismissed even in that order. The complaint was "dismissed," whatever that may mean in an action at law. Plaintiff's letter further asserts that all parties have relied upon "the fact that the case was dismissed in processing the appeal." If this is a claim that appellate jurisdiction may be conferred by estoppel or waiver of the parties, it is rejected. The letter further avers that appellate jurisdiction arises from ORS 19.010:

"(1)  A judgment or decree may be reviewed on appeal as described in this chapter.

"(2)  For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)  An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *."

In making a claim that this quoted part of the statute affords appellate jurisdiction, plaintiff iterates its mistaken belief that the "case" was dismissed and then contends:

"* * * The sustaining of the Demurrer and dismissal of the plaintiff's Complaint, in effect, determined the action so as to prevent a Judgment or Decree or any further proceedings on the plaintiff's claim. * * *."

It is true that the earlier of the two orders described above "dismissed" the complaint. Plaintiff did not attempt to appeal from that order, however, and at plaintiff's instance the trial court entered the later order which eliminated any recital of the granting of an order for dismissal (thereby reflecting the true state of the record) and eliminated any mention of a "dismissal" of anything. Insofar as the record is concerned, the only purpose of entering the "AMENDED

ORDER" appears to be to take out the concept of "dismissal."

Concededly no judgment, as that term is ordinarily used, was made and entered in this case. The only point left, therefore, is whether the order sustaining the demurrer meets the test of ORS 19.010(2)(a). We shall assume that the order appealed from affects a substantial right of the plaintiff, but did it *prevent* a judgment? The answer must be in the negative. If, upon the sustaining of a demurrer to a complaint, the court refuses to grant leave to plead over or if plaintiff, given an opportunity to plead over refuses to do so, the defendant is entitled to a judgment so as to terminate the action in the trial court. (This, of course, is exactly what the Court of Appeals thought had happened in entertaining this appeal.) In fact, if defendant fails to ask for such a judgment, plaintiff who desires appellate review can probably ask that judgment be given and entered for defendant so that opportunity for appeal is created. *Compare, Ter Har v. Backus*, 256 Or 288, 291, 473 P2d 143 (1970):

> "If a plaintiff concludes that an order quashing his service of summons effectively disposes of his action he can take an order or judgment of dismissal without risk that such an order will be construed as a non-appealable 'judgment or decree given by confession,' ORS 19.020. In *Steenson v. Robinson*, 236 Or 414, 417, 385 P2d 738, 389 P2d 27 (1964) we held:
>> "* * * If the plaintiff takes a nonsuit because of a ruling which precludes recovery, it has been held that the judgment is not in fact voluntarily requested and, therefore, does not bar an appeal. * * *' "

*Compare also, Carden v. Johnson*, 282 Or 169, 173, 577 P2d 513 (1978), and *Taylor v. Baker*, 279 Or 139, 142, 566 P2d 884 (1977).

Aside from the gloss which the parties have attempted to give the order of April 12, 1978, it is nothing more than an order sustaining a demurrer to a complaint. In *Butler v. City of Ashland et al.*, 113 Or

72, 231 Pac 155 (1924), the trial court entered an order sustaining a demurrer to the complaint. There the plaintiff declined to plead over and filed a notice of appeal from the order. The statute, section 548, Or Laws, was the same as ORS 19.010(2)(a). The court said (113 Or at 74):

> "In this suit no judgment or decree has been entered. Final disposition of the suit has not been made in the Circuit Court. It has been frequently held that an order overruling or sustaining a demurrer is not appealable. Such an order may be reviewed on appeal taken from the judgment or decree, but *the order itself is not a final determination of the case and is not appealable: Weeks v. Snider,* 107 Or. 138, 141 (214 Pac. 334).
>
> "The appeal is premature and must therefore be dismissed." (Emphasis added)

The legislature has not amended the statute to affect the rule of *Butler.* This court has given no hint that it desires to reinterpret the statute. To the contrary, *see, Ter Har v. Backus, supra,* (256 Or at 291):

> "An order quashing service of the summons is in some respects similar to an order sustaining a demurrer to a complaint. The plaintiff may decide that the order precludes recovery and that it would be futile to proceed further in the trial court. *If appellate review is desired however, a final judgment must be entered as a condition precedent thereto.* This court has consistently held that an order overruling or sustaining a demurrer is not appealable. 'Such an order may be reviewed on appeal taken from the judgment or decree, but the order itself is not a final determination of the case and is not appealable.' *Butler v. City of Ashland,* 113 Or 72, 74, 231 P 155 (1924). *See, also, Sandblast v. Oregon Liq. Cont. Com.,* 177 Or 213, 161 P2d 919 (1945), and *Weeks v. Snider,* 107 Or 138, 214 P 334 (1923), and earlier cases there cited." (Emphasis added)

There is no common law appellate jurisdiction in this state. The statute did not empower the Court of Appeals to determine the merits of this plaintiff's appeal. *Compare, Abrahamson v. Northwestern P. &*

[716]

*P. Co.*, 141 Or 339, 15 P2d 472, 17 P2d 1117 (1933). We are not unsympathetic to the plight in which the parties find themselves, but a decision of this court or of the Court of Appeals absent jurisdiction of the cause is a nullity.

The cause is remanded to the Court of Appeals to dismiss the appeal for want of jurisdiction and to remand to the circuit court for further proceedings.