Argued and submitted March 14,
appeal dismissed April 14, 1980

# VANEK,
## *Respondent,*
### *v.*
# WHITAKER,
## *Appellant.*

(No. A7804-05754, CA 15706)

609 P2d 413

Daniel F. Vidas, Portland, argued the cause for appellant. With him on the brief was Robert L. McKee & Associates, Portland.

Phil M. Kelley, Portland, argued the cause for respondent. With him on the brief was Laurence L. Janke & Associates, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

Plaintiff in this declaratory judgment action alleged ownership of an undivided one-half interest in certain real property, an apartment building, and demanded an accounting and an order partitioning or selling the property. Defendant, the co-owner, appeals from the "Amended Judgment Order." Assuming, for the purposes of argument, that plaintiff's contention has any merit we do not reach the contention because we conclude that the order is not appealable.

The "amended judgment" provides in pertinent part:

"IT IS HEREBY ORDERED:

"1. Defendant shall provide plaintiff with an accounting of rental income and expenses regarding the subject real property for the period April 1975 to date.

"2. The parties own equal one-half interests in the subject real property.

"3. Unless the parties can reach some other mutually acceptable agreement, the subject real property shall be sold and the proceeds of such sale shall be divided equally between the parties excepting that

"4. Defendant shall be entitled to credit in addition to her one-half of the sale proceeds for all sums she has expended for maintenance on the subject real property from September 1, 1977, to date, such sums to be deducted from plaintiff's share of the proceeds.

"5. Plaintiff shall have judgment for his costs and disbursements."

This court's jurisdiction in controlled by statute. *J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 713, 601 P2d 1254 (1979); *Lulay v. Earle v. Wolfer,* 278 Or 511, 513, 564 P2d 1045 (1977). The key statute here is ORS 19.010:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2)  For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:
"* * * * *

"(b)  An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c)  A final order affecting a substantial right, and made in a proceeding after judgment or decree.
"* * * * *."

Although subsection (2)(b) of the statute authorizes appeal from an interlocutory decree directing the sale of real property, the order appealed from merely warns the parties that the court *will* order a sale if they fail to reach "some other mutually acceptable agreement" within an unspecified length of time. Thus, since no sale or partition has been ordered, ORS 19.010(2)(b) does not supply a basis for review.

ORS 19.010(2)(c) authorizes appeal from an order entered after final judgment or decree. *David M. Scott Construction v. Farrell*, 285 Or 563, 566-70, 592 P2d 551 (1979). The court in *Farrell* noted the longstanding judicial policy against piecemeal appeals and reaffirmed the general requirement that cases proceed to final judgment before appeal is permitted. 285 Or at 567. *See Lulay v. Earle v. Wolfer, supra.* The *Farrell* court went on to quote with approval the following excerpt from *Winters et al. v. Grimes et al.*, 124 Or 214, 216, 264 P 359 (1928):

" 'One of the tests in determining whether a judgment or decree is final is: "If no further action of the court is required to dispose of the cause, it is final." Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree "one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it"?' " 285 Or at 567-68.

See ORS 18.010.[1]

The instant order merely directs defendant to provide an accounting and threatens the parties with judicial sale of their property if they can not resolve their differences. Such an order is not final, and therefore is not reviewable under ORS 19.010(2)(c). *David M. Scott Construction v. Farrell, supra; Winters et al. v. Grimes et al., supra.*

Appeal dismissed.

---

[1] ORS 18.010 provides:

"(1)   A final judgment shall include both the final determination of the rights of the parties in an action or special proceeding as well as a final judgment entered pursuant to ORS 18.125.

"(2)   Other determinations in an action that are intermediate in nature are called orders."