Argued and submitted November 4, 1997, order of Court of Appeals vacated; case remanded to Court of Appeals with instructions November 27, 1998

# WEST LINN-WILSONVILLE SCHOOL DISTRICT 3 J T,
*Petitioner on Review,*

*v.*

# Kent SEIDA,
Joyce Burnett, fka Joyce Seida and David Seida,
*Defendants,*

*and*

# Curtis M. HUNTER,
*Respondent on Review.*

## (CC 95-10408; CA A95504; SC S44283)

968 P2d 1268

John Dudrey, of Williams, Fredrickson & Stark, P.C., Portland, argued the cause on behalf of petitioner on review. With him on the brief was Donald R. Stark.

Jeffrey S. Seymour, Lake Oswego, argued the cause and filed the briefs on behalf of respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

KULONGOSKI, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision. Graber, J., resigned March 31, 1998, and did not participate in this decision.

## KULONGOSKI, J.

In October 1995, plaintiff West Linn-Wilsonville School District 3 J T commenced an eminent domain proceeding, naming as defendants Kent and David Seida and Joyce Burnett. Defendants jointly owned a parcel of land on which plaintiff planned to build a new middle school. One year later, before trial, Hunter moved to intervene pursuant to ORCP 33 C.[1] He alleged that he had a contract with defendants for the purchase of boulders and rocks from the subject parcel. The circuit court entered an order denying Hunter's motion. Plaintiff and defendants then settled.

In December 1996, Hunter appealed the circuit court's order denying his motion to intervene. Plaintiff challenged the appealability of the order denying the motion to intervene in the circuit court, moving for a summary determination of appealability pursuant to *former* ORS 19.034(1) (1995).[2] Hunter then moved the Court of Appeals for a stay of the circuit court proceedings, *former* ORS 19.034(2) (1995),[3]

---

[1] ORCP 33 C provides:

"At any time before trial, any person who has an interest in the matter in litigation may, by leave of court, intervene. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

[2] *Former* ORS 19.034(1) (1995), *renumbered as* ORS 19.235(1) in 1997, provided:

"Notwithstanding ORS 19.033, if any party or the trial court on its own motion, on receiving actual notice of the filing of the notice of appeal, raises the issue whether the decision being appealed is appealable, the trial court shall have jurisdiction to make a summary determination, with or without a hearing, whether the decision is appealable. As used in this section, 'decision' means any trial court ruling, either oral or written."

[3] *Former* ORS 19.034(2) (1995), *renumbered as* ORS 19.235(2) in 1997, provided:

"If the trial court determines that the decision is not appealable, the trial court, in its discretion, may proceed through entry of judgment or stay proceedings pending an appellate court determination of the existence of an appealable decision. The trial court may refer the question of the existence of an appealable decision to the court to which the appeal is taken. Neither an order by the trial court to proceed through entry of judgment, an order by the trial court to stay proceedings pending an appellate court determination, nor a trial court referral of the question of the existence of an appealable decision to the appellate court is appealable. However, on motion of any party or on its own motion the appellate court may stay proceedings in the trial court or stay any order or judgment entered by the trial court pending a final determination of appealability."

and for a summary determination of the appealability of the circuit court's order denying his motion to intervene, *former* ORS 19.034(3) (1995).[4] Hunter did not move the circuit court, as he might have done pursuant to *former* ORS 19.034(2), for a stay of proceedings pending the outcome of his appeal of the circuit court order denying his motion to intervene.

The circuit court subsequently concluded that its earlier order denying Hunter's motion to intervene was not appealable. The court then entered a final judgment in the eminent domain proceeding based on the settlement between plaintiff and defendants.[5] That final judgment required plaintiff to make an initial payment of $100,000 to defendants within 10 days of entry of the judgment and to later deposit with the circuit court the additional sum of $1,137,750 plus stipulated damages, attorney fees, and costs. Hunter did not move either the circuit court or the Court of Appeals under *former* ORS 19.034(2) for a stay of the proceedings to enforce that final judgment or make a claim against the settlement fund.

■  Plaintiff timely deposited the initial $100,000 payment with the circuit court. Defendants withdrew that sum, and the circuit court entered an order approving that distribution. Plaintiff later timely deposited the balance of the settlement fund, $1,216,750, with the circuit court. Defendants withdrew that sum, and the circuit court entered an order approving that final distribution of the settlement funds to defendants. By that time, the parties had carried out the court's judgment, and no funds remained on deposit with the

---

[4] *Former* ORS 19.034(3) (1995), *renumbered as* ORS 19.235(3) in 1997, provided, in relevant part:

"When a party by motion, the trial court by referral or the appellate court on its own motion raises the issue whether the decision is appealable, the appellate court may make a summary determination of the appealability of the decision. A summary determination of the appealability of a decision under this subsection is subject to review by the Supreme Court as provided in ORS 2.520 except that the petition for review shall be served and filed within 14 days after the date of the court's determination. Either the Court of Appeals or the Supreme Court may shorten the time period within which the petition for review shall be filed."

[5] Notwithstanding the pendency of Hunter's appeal, the trial court, on determining that the order denying intervention was not appealable, had jurisdiction under *former* ORS 19.034(2) to enter final judgment.

court. Assuming, *arguendo*, that the court's order denying intervention had some practical effect on the rights of the parties, the court's subsequent orders approving the disbursement of the settlement funds eliminated any such effect in regard to this controversy.

After all the foregoing had occurred, the Court of Appeals granted Hunter's motions for a stay of proceedings in the circuit court and for a summary determination of appealability. The Court of Appeals then determined that the circuit court's order denying Hunter's motion to intervene was appealable. Plaintiff petitioned this court for review of that decision, which we allowed. *See former* ORS 19.034(3) (providing petition for review procedure).

The difficulty is that the Court of Appeals' order was issued after entry and execution of the final judgment. By that time, no action remained in which Hunter could intervene. Even if Hunter prevailed on appeal, reversal of the order denying intervention could have no practical effect on the eminent domain proceeding. Thus, Hunter's appeal was moot. *See Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993) (cases in which a court's decision no longer will have a practical effect on or concerning the rights of the parties will be dismissed as moot). Because the appeal became moot, the Court of Appeals lacked jurisdiction to proceed with the appeal after entry of final judgment. The court's order thus must be vacated. *Id.* at 406.

The order of the Court of Appeals is vacated. The case is remanded to the Court of Appeals with instructions to dismiss respondent's appeal as moot.