Argued and submitted October 2, 2000, affirmed April 25, petition for review denied August 14, 2001 (332 Or 430)

Curtis M. HUNTER,
*Appellant,*

*v.*

WEST LINN-WILSONVILLE
SCHOOL DISTRICT 3 J T,
*Respondent.*

(97-02-191; CA A106792)

22 P3d 1235

John W. Shonkwiler argued the cause for appellant. On the briefs was Jeffrey S. Seymour.

Peter S. Mersereau argued the cause for respondent. With him on the brief was Thomas W. McPherson.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff appeals a summary judgment dismissing his claims for specific performance and inverse condemnation. We affirm.

The relevant facts are not in dispute. Plaintiff entered into a contract with Kent Seida to purchase all decorative landscape boulders and construction rock to be excavated from Seida's land, which Seida planned to develop as a golf course. Shortly after Seida began construction of the golf course, defendant West Linn-Wilsonville School District 3 J T (district) initiated an action to condemn the property to build a middle school. Plaintiff moved to intervene in the condemnation action, but that motion was denied.

Plaintiff appealed the trial court order denying the motion to intervene. He did not file a motion in the trial court to stay proceedings during the pendency of the appeal. He did, however, file a motion to stay in this court.

Meanwhile, Seida and the district settled the condemnation proceeding for approximately $1.2 million. The trial court conducted hearings to determine the form of the judgment. Plaintiff participated in those hearings. The trial court asked plaintiff whether he intended to claim any portion of the $1.2 million. Plaintiff declined, explaining that, as far as he was concerned, he was not a party to the condemnation proceeding, and the settlement determined only the interests of the parties. The trial court entered judgment on the condemnation proceeding, awarding the district the property and requiring the district to pay Seida approximately $1.2 million. The district paid Seida.

Soon thereafter, this court granted plaintiff's motion to stay the trial court proceedings. The district sought review of that decision. The Supreme Court vacated this court's decision, holding that the full payment of the settlement had rendered the case moot because any action on appeal would "have no practical effect on the eminent domain proceeding." *West Linn-Wilsonville School Dist. 3 J T v. Seida*, 328 Or 10, 14, 968 P2d 1268 (1998).

Plaintiff then initiated this action against the district. He alleged two claims. The first claim is for specific performance. Plaintiff's theory is that, by taking title to Seida's land, the district also took on the responsibility for performing the contract for the sale of boulders and construction rock. The second claim is for inverse condemnation. According to plaintiff, by building a school on Seida's property, the district, in effect, has taken his boulders and rocks without paying for them.

The district moved for summary judgment on both claims. The district argued that plaintiff could not prevail on either claim because any rights to the boulders and rocks were disposed of in the condemnation proceeding. Plaintiff argued that the condemnation proceeding disposed only of claims against the property by the district, not by others who were not parties. The trial court granted the district's motion.

On appeal, plaintiff argues that the trial court erred in entering summary judgment against him on both claims. In reviewing the trial court's decision, we examine the record in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Allen v. County of Jackson*, 169 Or App 116, 123, 7 P3d 739 (2000).

■    We begin with the specific performance claim. Plaintiff argues that, as the owner of Seida's property, the district is obligated to make good on Seida's contractual obligation to sell him boulders and rocks. The district argues that the condemnation action extinguished all claims against the property, including any contractual claims. We agree with the district.

■ ■    A condemnation proceeding determines all claims against the property, not just those claims asserted by parties to the proceedings. As the Supreme Court has explained:

" 'A condemnation proceeding is an action in rem. It is not the taking of rights of designated persons, but *the taking of the property itself*.' "

*State Highway Com. v. Burk et al.*, 200 Or 211, 245, 265 P2d 783 (1954) (emphasis in original) (quoting *Eagle Lake*

*Improvement Co. v. United States*, 160 F2d 182, 184 (5th Cir 1947)). Accordingly, the money paid to a landowner pursuant to a judgment in a condemnation proceeding includes the value of all interests in the property, and that payment entitles the government entity taking the property to do so free of all other claims. *State Highway Com.*, 200 Or at 243 (quoting *Nichols on Eminent Domain* § 12.36 (3d ed 1950)). Contracts with the landowner are, in effect, extinguished by the judgment. *Id.* The only recourse for the parties to such contracts is to seek compensation from the condemnation award itself in a supplemental equitable proceeding. *Id.* at 258-59; *see also State Highway Com. v. Superbilt Mfg. Co.*, 200 Or 478, 481, 266 P2d 1072 (1954).

In this case, therefore, the effect of the judgment in the condemnation action was to award the Seida property to the district free of all other claims, including those claims arising under the contract with plaintiff. Plaintiff's recourse was to seek compensation from the condemnation award itself, as the trial court suggested. Plaintiff declined to do that. He cannot be heard to complain now that he failed to receive compensation for his interest in the property.

■ Plaintiff insists that this case should be treated differently, because the judgment was entered upon a settlement, as opposed to a jury verdict. Plaintiff cites no authority—and we are aware of none—for the proposition that the effect of a judgment *in rem* depends on the nature of the events that preceded it. To the contrary, the legal effect of the judgment derives from the nature of the *in rem* proceeding itself. An *in rem* proceeding, by its very nature, "is conclusive and binding upon all persons who may have or claim any right or interest in the subject matter of the litigation." *Masterson v. Pacific L. S. Co.*, 144 Or 396, 402, 24 P2d 1046 (1933).

Plaintiff similarly argues that there are genuine issues of material fact concerning whether the parties intended the judgment in the condemnation proceeding to have the effect of extinguishing all prior claims to the property. Again, however, the effect of an *in rem* judgment is a legal question determined by the nature of the proceeding itself, not by the intentions of the parties. We conclude that

the trial court did not err in entering summary judgment on plaintiff's specific performance claim.

We turn to the inverse condemnation claim. "Inverse condemnation" occurs when the state takes private property for public use without exercising its power of eminent domain. *Dept. of Transportation v. Hewett Professional Group*, 321 Or 118, 130, 895 P2d 755 (1995). It is axiomatic that, in order to claim inverse condemnation, a plaintiff must have an interest in the property in the first place. *Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 519, 981 P2d 833 (1999), *rev den* 330 Or 71, *cert den* ___ US ___ , 121 S Ct 387 (2000).

In this case, as we have explained, with the entry of the judgment in the condemnation case, whatever rights in the boulders and construction rocks plaintiff may have acquired under his contract with Seida were extinguished. Thus, any subsequent action by the district cannot have amounted to a taking of plaintiff's property rights. By that time, plaintiff had no property rights for the district to take.

Plaintiff argues that the trial court erred in other respects, but we reject those arguments without discussion.

Affirmed.